**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| GENTEX CORPORATION and INDIGO TECHNOLOGIES, LLC, <br><br> *Plaintiffs*, <br><br> THALES VISIONIX, INC., <br><br> *Involuntary Plaintiff*, <br><br> v. <br><br> FACEBOOK, INC. and FACEBOOK TECHNOLOGIES, LLC, <br><br> *Defendants*. | Case No. 6:21-cv-00755-ADA <br><br> JURY TRIAL DEMANDED |

## <u>DEFENDANTS FACEBOOK, INC.'S AND FACEBOOK TECHNOLOGIES, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT</u>

Defendants Facebook, Inc. ("Facebook") and Facebook Technologies, LLC ("Facebook Technologies") (collectively, "Defendants") hereby answer the Complaint for Patent Infringement ("Complaint") (ECF No. 1) of Plaintiffs Gentex Corporation ("Gentex") and Indigo Technologies, LLC ("Indigo") (collectively, "Plaintiffs") and Involuntary Plaintiff Thales Visionix, Inc. ("Thales" or "Involuntary Plaintiff") as follows. Each numbered paragraph in Defendants' Answer to Plaintiffs' Complaint for Patent Infringement ("Answer") below corresponds directly to each numbered paragraph in the Complaint. To the extent not expressly admitted herein, Defendants deny all allegations recited in the Complaint.

### <u>NATURE OF THE ACTION</u>

1.     Defendants admit that Plaintiffs purport to bring an action for infringement under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 1.

2.      Defendants are without knowledge or information sufficient to either admit or deny the allegations of paragraph 2, and therefore deny them.

3.      Denied.

## THE PARTIES

4.      Defendants are without knowledge or information sufficient to either admit or deny the allegations of paragraph 4, and therefore deny them.

5.      Defendants are without knowledge or information sufficient to either admit or deny the allegations of paragraph 5, and therefore deny them.

6.      Defendants are without knowledge or information sufficient to either admit or deny the allegations of paragraph 6, and therefore deny them.

7.      Defendants admit that Facebook is a corporation organized under the laws of the State of Delaware with a principal place of business located at 1601 Willow Road, Menlo Park, CA 94025.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 7.

8.      Defendants admit that Facebook Technologies is a limited liability company organized under the laws of the State of Delaware with a principal place of business at 1601 Willow Road, Menlo Park, CA 94025.  Defendants admit that Facebook Technologies is a wholly-owned subsidiary of Facebook.

## JURISDICTION AND VENUE

9.      Defendants admit that Plaintiffs purport to bring an action under the Patent Act, 35 U.S.C. § 101 *et seq.*, and assert that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 9.

10.     Defendants admit that the quoted language in paragraph 10 appears in Tex. Civ. Prac. & Rem. Code § 17.042(3).  Defendants do not dispute that this Court has personal jurisdiction over Defendants solely with respect to and only for the purposes of this action.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 10.

11.     Defendants do not dispute that this Court has personal jurisdiction over Facebook solely with respect to and only for the purposes of this action.  Defendants specifically deny that they have committed any acts of infringement.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 11.

12.     Defendants do not dispute that this Court has personal jurisdiction over Facebook solely with respect to and only for the purposes of this action.  Defendants admit that Facebook has office locations in Austin, Texas and Dallas, Texas, but deny that such offices are relevant for determining whether this forum is convenient for this action.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 12.

13.     Defendants admit that Plaintiffs purport to characterize an online article dated September 4, 2019, titled "*First look: Facebook headcount swells as social media giant opens new Austin office*."  The online article speaks for itself.  Defendants admit that Facebook currently maintains or has maintained a presence at 607 West Third Street, Austin, Texas 78701; at 300 West 6th Street, Austin, TX 78701; at 11601 Alterra Parkway, Austin, Texas 78758; and at 13011 McCallen Pass, Austin, Texas 78753.  Defendants deny that such presence is relevant for determining whether this forum is convenient for this action.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 13.

14.     Defendants admit that Plaintiffs purport to characterize an online article dated August 1, 2020, titled "*Facebook still hiring in Austin; No plans to give up splashy office space*

3

*around town, top local exec says*," an online article dated September 6, 2018, titled "*Sources: Facebook to eat up big chunk of Austin's 'second downtown*,'" and an online article dated December 4, 2020, titled "*Sources: Facebook wants 1M more square feet downtown*." The online articles speak for themselves. Defendants admit that Facebook has maintained offices in Austin, Texas, but deny that such offices are relevant for determining whether this forum is convenient for this action. Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 14.

15.     Defendants admit that Plaintiffs purport to quote from an online article dated August 1, 2020, titled "*Facebook still hiring in Austin; No plans to give up splashy office space around town, top local exec says*." The online article speaks for itself. Defendants admit that Plaintiffs appear to reference purported job listings at Facebook's Careers website, https://www.facebook.com/careers, but deny Plaintiffs' allegations with respect to said purported job listings. Defendants deny that Facebook engineers in Austin work on the accused functionality at issue in this litigation. Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 15.

16.     Defendants admit that Plaintiffs appear to quote from two job listings at Facebook's Careers website https://www.facebook.com/careers for a Digital Design Engineer and Privacy Product Strategist, Facebook Reality Labs (FRL). The job listings posted online speak for themselves. Defendants deny that Facebook engineers in Austin work on the accused functionality at issue in this litigation. Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 16.

17.     Defendants admit that Plaintiffs appear to reference a public webpage purportedly identifying H1B base salaries of certain positions at Facebook.  The webpage speaks for itself. Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 17.

18.     Defendants admit that they conduct business through certain websites that are accessible in this District, but deny that this forum is convenient for this action.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 18.

19.     Defendants do not dispute that venue is proper in this District pursuant to 28 U.S.C. § 1400(b) solely with respect to and only for the purposes of this action, but deny that this forum is convenient.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 19, and specifically deny that they have committed any acts of infringement.

20.     Defendants do not dispute that this Court has personal jurisdiction over Facebook Technologies solely with respect to and only for the purposes of this action.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 20.

21.     Defendants do not dispute that this Court has personal jurisdiction over Facebook Technologies solely with respect to and only for the purposes of this action.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 21, and specifically deny that they have committed any acts of infringement.

22.     Defendants admit that they conduct business through certain websites that are made accessible in this District, but deny that this forum is convenient for this action.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 22, and specifically deny that they have committed any acts of infringement.

23.     Defendants admit that Facebook Technologies is a wholly-owned subsidiary of Facebook.     Defendants   admit   that   certain   products   are   available   for   purchase   at

https://www.oculus.com/.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 23, and specifically that they have committed any acts of infringement.

24.     Defendants admit that Facebook's Form 10-K and Form 10-Q filings with the Securities and Exchange Commission do not separately report revenue from Facebook Technologies.  Defendants admit that Plaintiffs purport to characterize Facebook's 2020 Annual Report (Form 10-K), which speaks for itself, as reporting $1.796 billion of "Other revenue." Defendants admit that Plaintiffs purport to characterize an online article dated January 27, 2021, titled "*Zuckerberg: Quest 2 'on track to be first mainstream VR headset', Next Headset Confirmed*."  The online article speaks for itself.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 24.

25.     Defendants admit that Facebook Technologies is a wholly owned subsidiary of Facebook.  Plaintiffs purport to characterize an online article dated August 18, 2020, titled "*A single way to log into Oculus and unlock social features*" and an online article dated January 31, 2021, titled "*Everything you need to know: Facebook login, user data and privacy on Oculus headsets*."  The online articles speak for themselves.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 25.

26.     Defendants do not dispute that venue is proper in this District pursuant to 28 U.S.C. § 1400(b) solely with respect to and only for the purposes of this action, but Defendants deny that this forum is convenient.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 26.

**FACTUAL BACKGROUND**

## I.    INTERSENSE AND ERIC FOXLIN'S INVENTIONS IN SOURCELESS VIRTUAL REALITY

27.    Defendants are without knowledge or information sufficient to either admit or deny the allegations of paragraph 27, and therefore deny them.

28.    Defendants are without knowledge or information sufficient to either admit or deny the allegations of paragraph 28, and therefore deny them.

29.    Defendants admit that Plaintiffs purport to reference an online article dated November 21, 2011, titled "*Gentex Corporation Announces Acquisition of Intersense Incorporated*."   The online article speaks for itself.   Defendants are without knowledge or information sufficient to either admit or deny any remaining allegations of paragraph 29, and therefore deny them.

30.    Defendants are without knowledge or information sufficient to either admit or deny the allegations of paragraph 30, and therefore deny them.

## II.    THE ASSERTED PATENTS

31.    Defendants admit that Exhibit A to the Complaint purports to be a copy of U.S. Patent No. 6,757,068 ("'068 patent").   Defendants admit that, on its face, the '068 patent is entitled "Self-Referenced Tracking."   Defendants deny that the '068 patent is valid and enforceable. Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations of paragraph 31, and therefore deny them.

32.    Defendants admit Plaintiffs purport to characterize the '068 patent, which speaks for itself.   Defendants deny that the claims of the '068 patent are directed to patent-eligible inventions.   Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 32.

33.     Defendants admit that Exhibit B to the Complaint purports to be a copy of U.S. Patent No. 7,301,648 ("'648 patent"). Defendants admit that, on its face, the '648 patent is entitled "Self-Referenced Tracking." Defendants deny that the '648 patent is valid and enforceable. Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations of paragraph 33, and therefore deny them.

34.     Defendants admit Plaintiffs purport to characterize the '648 patent, which speaks for itself. Defendants deny that the claims of the '648 patent are directed to patent-eligible inventions. Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 34.

35.     Defendants admit that Exhibit C to the Complaint purports to be a copy of U.S. Patent No. 8,224,024 ("'024 patent"). Defendants admit that, on its face, the '024 patent is entitled "Tracking Objects with Markers." Defendants deny that the '024 patent is valid and enforceable. Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations of paragraph 35, and therefore deny them.

36.     Defendants admit Plaintiffs purport to characterize the '024 patent, which speaks for itself. Defendants deny that the claims of the '024 patent are directed to patent-eligible inventions. Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 36.

37.     Defendants admit that Exhibit D to the Complaint purports to be a copy of U.S. Patent No. 6,922,632 ("'632 patent"). Defendants admit that, on its face, the '632 patent is entitled "Tracking, Auto-Calibration, and Map-Building System." Defendants deny that the '632 patent is valid and enforceable. Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations of paragraph 37, and therefore deny them.

38.     Defendants admit Plaintiffs purport to characterize the '632 patent, which speaks for itself.  Defendants deny that the claims of the '632 patent are directed to patent-eligible inventions.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 38.

39.     Defendants admit that Exhibit E to the Complaint purports to be a copy of U.S. Patent No. 7,725,253 ("'253 patent").  Defendants admit that, on its face, the '253 patent is entitled "Tracking, Auto-Calibration, and Map-Building System."  Defendants deny that the '253 patent is valid and enforceable.  Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations of paragraph 39, and therefore deny them.

40.     Defendants admit Plaintiffs purport to characterize the '253 patent, which speaks for itself.  Defendants deny that the claims of the '253 patent are directed to patent-eligible inventions.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 40.

41.     Defendants admit that Plaintiffs purport to characterize and reference certain excerpts of the '068 patent, '648 patent, '024 patent, '632 patent, and '253 patent (collectively, "Asserted Patents").  The Asserted Patents speak for themselves.  Defendants deny that the claims of the Asserted Patents are directed to patent-eligible inventions.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 41.

42.     Defendants admit that Plaintiffs purport to characterize and reference certain excerpts of the Asserted Patents, which speak for themselves.  Defendants deny that the Asserted Patents claim inventive concepts that are substantially more than abstract ideas.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 42.

### III.    THE ACCUSED PRODUCTS

43.    Defendants admit that Plaintiffs purport to characterize a Facebook online news article dated March 25, 2014, titled "*Facebook to acquire Oculus*," which speaks for itself. Defendants admit that Facebook announced its acquisition of Oculus VR, Inc. in March 2014. Defendants admit that Facebook's acquisition of Oculus VR, Inc. closed in July 2014. Defendants admit that Plaintiffs purport to characterize a Reuters online article dated January 17, 2017, titled "*Facebook's Zuckerberg questioned at trial over virtual-reality technology*," which speaks for itself.   Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 43.

44.    Defendants admit that Plaintiffs purport to characterize a public Oculus support webpage titled "*Getting started with Oculus Rift S*" and a public website dated March 3, 2017, and titled "*Oculus Cuts Price of Rift Sensors to $59*," which speak for themselves. Defendants admit that the Oculus Rift was commercially available for purchase in 2016. Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 44.

45.    Defendants admit that Plaintiffs purport to characterize a public Oculus webpage dated April 30, 2019, titled "*Game on: Oculus Quest and Rift S Pre-orders are live! Shipping Begins May 21*," which speaks for itself. Defendants admit that Oculus Quest was available for preorders on April 30, 2019, and available for commercial shipping on May 21, 2019. Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 45.

46.    Defendants admit that Plaintiffs purport to characterize a public website dated May 21, 2019, titled "*Oculus Quest Review – The First Great Standalone VR Headset*," which speaks for itself.   Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 46.

47.     Defendants admit that Plaintiffs purport to characterize a public Oculus webpage dated April 30, 2019, titled "*Game on: Oculus Quest and Rift S Pre-orders are live! Shipping Begins May 21*," which speaks for itself.  Defendants admit that Oculus Rift S was available for preorders on April 30, 2019, and available for commercial shipping on May 21, 2019.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 47.

48.     Defendants admit that Plaintiffs purport to characterize a public webpage dated May 20, 2019, titled "*Oculus Rift S Revealed with Inside-out Tracking, Resolution Bump, & New Ergonomics*," which speaks for itself.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 48.

49.     Defendants admit that Oculus Quest 2 is a virtual reality product that is currently commercially available.  Defendants admit that Oculus Quest 2 was available for preorders on September 16, 2020, and available for commercial shipping on October 13, 2020.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 49.

50.     Defendants admit that Plaintiffs purport to characterize a public webpage dated October 13, 2020, titled "*Oculus Quest 2 Review – The Best Standalone Headset Gets Better in (Almost) Every Way*," which speaks for itself.  Defendants admit that Plaintiffs purport to excerpt an image of Oculus Quest 2 from an Oculus webpage available at https://www.oculus.com/quest-2/.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 50.

51.     Defendants admit that Plaintiffs purport to characterize a public online article dated January 27, 2021, titled "*Mark Zuckerberg: Quest 2 'Is On Track To Be The First Mainstream VR Headset*,'" which speaks for itself.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 51.

## IV.   DEFENDANTS' NOTICE OF THE ASSERTED PATENTS AND CONTINUED INFRINGEMENT

52.   Defendants admit that Facebook received a letter dated January 26, 2021 from Adam Harber of Williams & Connolly LLP, but deny that Mr. Harber's letter constituted actual notice.   Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 52, and specifically deny that they have committed any acts of infringement.

53.   Defendants admit that Plaintiffs purport to quote from a January 17, 2017 jury trial transcript from *Zenimax Media Inc. v. Oculus VR, LLC*, No. 3:14-cv-01849-K (N.D. Tex. Feb. 9, 2017), ECF No. 928.   The jury transcript speaks for itself.   Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 53.

54.   Defendants admit that Facebook completed its acquisition of Oculus VR, Inc. in 2014.   Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 54.

55.   Defendants are without knowledge or information sufficient to either admit or deny the allegations of paragraph 55, and therefore deny them.

56.   Defendants admit that they share a legal department, but deny that Defendants were on notice of the Asserted Patents. Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 56.

57.   Defendants admit that U.S. Patent Pub. No. 2007/0081695 A1 was identified in an Information Disclosure Statement dated May 31, 2018, during the prosecution of U.S. Patent App. Serial No. 15/986,148, which issued as U.S. Patent No. 10,594,396, but deny that this placed Defendants on notice of the '024 patent.   Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 57.

58.     Defendants admit that U.S. Patent Pub. No. 2007/0081695 A1 was identified in an Information Disclosure Statement dated May 31, 2018, during the prosecution of U.S. Patent App. Serial No. 15/986,148, which issued as U.S. Patent No. 10,594,396, but deny that this placed Defendants on notice of the '253 patent.  Defendants admit the '253 patent purports to be a continuation of the '632 patent.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 58.

59.     Defendants admit that U.S. Patent Pub. No. 2002/0024675 A1 was identified in an Information Disclosure Statement dated April 17, 2019, during the prosecution of U.S. Patent App. Serial No. 15/835,846, which issued as U.S. Patent No. 10,514,545, but deny that this placed Defendants on notice of the '068 patent.  Defendants admit that U.S. Patent Pub. No. 2002/0024675 A1 was identified in an Information Disclosure Statement dated October 22, 2019, during the prosecution of U.S. Patent App. Serial No. 15/919,887, which issued as U.S. Patent No. 10,572,002, but deny that this placed Defendants on notice of the '068 patent.  Defendants admit that U.S. Patent Pub. No. 2002/0024675 A1 was identified in a Notice of References Cited dated May 31, 2019, during prosecution of U.S. Patent App. Serial No. 15/919,869, which issued as U.S. Patent No. 10,528,133, but deny that this placed Defendants on notice of the '068 patent. Defendants admit the '648 patent purports to be a continuation of the '068 patent.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 59.

60.     Defendants admit that, on July 8, 2020, counsel for Gentex emailed Facebook's counsel a summary of certain patents for which Gentex purported to have an exclusive field-of-use license, including the Asserted Patents.  Defendants admit that Facebook responded. Defendants admit that the parties did not reach an agreement.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 60.

61.     Defendants admit that, on January 26, 2021, counsel for Plaintiffs sent Defendants a letter and claim charts purporting to identify how certain products infringed certain claims of the Asserted Patents and U.S. Patent No. 7,990,524.  Defendants admit that Plaintiffs and Defendants did not reach any agreement regarding licensing, but deny that they infringe any claim of the Asserted Patents.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 61.

62.     Denied.

63.     Denied.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT 6,757,068**

64.     Defendants incorporate paragraphs 1-63 herein by reference.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Defendants admit that Plaintiffs purport to characterize the '068 patent, which speaks for itself.  Except as expressly admitted herein, Defendants deny any remaining allegations of paragraph 68.

69.     Defendants admit that the phrase "a tracking system" appears to characterize the preamble of claim 54 of the '068 patent, which speaks for itself.  Defendants deny they infringe any claim of the '068 patent.  Except as expressly admitted herein, Defendants deny any remaining allegations of paragraph 69.

70.     Denied.

71.     Defendants admit that Plaintiffs purport to characterize a public Facebook AI webpage dated August 22, 2019.  The webpage speaks for itself.  Defendants deny the remaining allegations of paragraph 71.

72.     Defendants admit that Exhibit F to the Complaint purports to be a claim chart with respect to the '068 patent.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 72, and specifically deny that they have committed any acts of infringement of the '068 patent.

73.     Defendants are without knowledge or information sufficient to either admit or deny the allegations of paragraph 73, and therefore deny them.

74.     Defendants admit that Facebook received an email from John L. Hemmer dated July 8, 2020 that identified the '068 patent, but deny that the email constituted sufficient notice of any alleged infringement by Defendants.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 74.

75.     Denied.

76.     Defendants admit that they were notified of the '068 patent at the time they were served with the Complaint dated July 22, 2021.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 76.

77.     Defendants deny the allegations of paragraph 77, and deny that they have committed any acts of infringement.

78.     Defendants deny the allegations of paragraph 78, and deny that they have committed any acts of infringement.

79.     Defendants deny the allegations of paragraph 79, and deny that they have committed any acts of infringement.

80.     Denied.

## COUNT II
## INFRINGEMENT OF U.S. PATENT 7,301,648

81.     Defendants incorporate paragraphs 1-80 herein by reference.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Defendants admit that Plaintiffs purport to characterize the '648 patent, which speaks for itself.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 85.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Defendants admit that Exhibit G to the Complaint purports to be a claim chart with respect to the '648 patent.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 90, and specifically deny that they have committed any acts of infringement of the '648 patent.

91.     Defendants are without knowledge or information sufficient to either admit or deny the allegations of paragraph 91, and therefore deny them.

92.     Defendants admit that Facebook received an email from John L. Hemmer dated July 8, 2020 that identified the '648 patent, but deny that the email constituted sufficient notice of any alleged infringement by Defendants.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 92.

93.     Denied.

94.     Defendants admit that they were notified of the '648 patent at the time they were served with the Complaint dated July 22, 2021.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 94.

95.     Defendants deny the allegations of paragraph 95, and deny that they have committed any acts of infringement.

96.     Defendants deny the allegations of paragraph 96, and deny that they have committed any acts of infringement.

97.     Defendants deny the allegations of paragraph 97, and deny that they have committed any acts of infringement.

98.     Denied.

**<u>COUNT III</u>**
**INFRINGEMENT OF U.S. PATENT 8,224,024**

99.     Defendants incorporate paragraphs 1-98 herein by reference.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Defendants admit that Plaintiffs purport to characterize the '024 patent, which speaks for itself.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 103.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Defendants admit that Exhibit H to the Complaint purports to be a claim chart with respect to the '024 patent.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 107, and specifically deny that they have committed any acts of infringement of the '024 patent.

108.    Defendants are without knowledge or information sufficient to either admit or deny the allegations of paragraph 108, and therefore deny them.

109.    Defendants admit that Facebook received an email from John L. Hemmer dated July 8, 2020 that identified the '024 patent, but deny that the email constituted sufficient notice of any alleged infringement by Defendants.   Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 109.

110.    Denied.

111.    Defendants admit that they were notified of the '024 patent at the time they were served with the Complaint dated July 22, 2021.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 111.

112.    Defendants deny the allegations of paragraph 112, and deny that they have committed any acts of infringement.

113.    Defendants deny the allegations of paragraph 113, and deny that they have committed any acts of infringement.

114.    Defendants deny the allegations of paragraph 114, and deny that they have committed any acts of infringement.

115.    Denied.

**COUNT IV**
**INFRINGEMENT OF U.S. PATENT 6,992,632**

116.    Defendants incorporate paragraphs 1-115 herein by reference.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Defendants admit that Plaintiffs purport to characterize the '632 patent, which speaks for itself.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 120.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Defendants admit that Exhibit I to the Complaint purports to be a claim chart with respect to the '632 patent.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 124, and specifically deny that they have committed any acts of infringement of the '632 patent.

125.    Defendants are without knowledge or information sufficient to either admit or deny the allegations of paragraph 125, and therefore deny them.

126.    Defendants admit that Facebook received an email from John L. Hemmer dated July 8, 2020 that identified the '632 patent, but deny that the email constituted sufficient notice of any alleged infringement by Defendants.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 126.

127.    Denied.

128.    Defendants admit that they were notified of the '632 patent (and the '024 patent) at the time they were served with the Complaint dated July 22, 2021.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 128.

129.    Defendants deny the allegations of paragraph 129, and deny that they have committed any acts of infringement.

130.    Defendants deny the allegations of paragraph 130, and deny that they have committed any acts of infringement.

131.    Defendants deny the allegations of paragraph 131, and deny that they have committed any acts of infringement.

132.    Denied.

## COUNT V
## INFRINGEMENT OF U.S. PATENT 7,725,253

133.    Defendants incorporate paragraphs 1-132 herein by reference.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Defendants admit that Plaintiffs purport to characterize the '253 patent, which speaks for itself.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 137.

138.    Defendants admit that the phrase "tracking system" appears to characterize the preamble of claim 1 of the '253 patent, which speaks for itself.  Defendants deny they infringe any claim of the '253 patent.  Except as expressly admitted herein, Defendants deny any remaining allegations of paragraph 138.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Defendants admit that Exhibit J to the Complaint purports to be a claim chart with respect to the '253 patent.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 142, and specifically deny that they have committed any acts of infringement of the '253 patent.

143.    Defendants are without knowledge or information sufficient to either admit or deny the allegations of paragraph 143, and therefore deny them.

144.    Defendants admit that Facebook received an email from John L. Hemmer dated July 8, 2020 that identified the '253 patent, but deny that the email constituted sufficient notice of any alleged infringement by Defendants.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 144.

145.    Denied.

146.    Defendants admit that they were notified of the '253 patent at the time they were served with the Complaint dated July 22, 2021.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 146.

147.    Defendants deny the allegations of paragraph 147, and deny that they have committed any acts of infringement.

148.    Defendants deny the allegations of paragraph 148, and deny that they have committed any acts of infringement.

149.    Defendants deny the allegations of paragraph 149, and deny that they have committed any acts of infringement.

150.    Denied.

### RESPONSE TO PLAINTIFFS' REQUEST FOR A JURY TRIAL

151.    Defendants deny that Plaintiffs are entitled to any relief.  Defendants also request a trial by jury.

## RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

Defendants oppose Plaintiffs' requested relief, including the relief specified in paragraphs A through G of this section of the Complaint.

## GENERAL DENIAL

Except as specifically admitted herein, Defendants deny the remaining allegations in the Complaint.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without altering any applicable burdens of proof, Defendants assert the following defenses to the Complaint and reserve their right to assert additional defenses.

### FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

Defendants do not infringe and have not infringed, directly or indirectly, contributorily or by inducement, any valid and enforceable claim of the Asserted Patents either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE – INVALIDITY

Claims of the Asserted Patents are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to §§ 101, 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

The Complaint fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL

Plaintiffs' claims are barred or limited from recovery, in whole or in part, by the doctrine of prosecution history estoppel.

### FIFTH AFFIRMATIVE DEFENSE – EQUITABLE DEFENSES

Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, acquiescence, laches, waiver, unclean hands, and/or other equitable defenses.

### SIXTH AFFIRMATIVE DEFENSE – LIMITATION ON DAMAGES

Plaintiffs are barred or limited in recovery, in whole or in part, by failing to meet the requirements of 35 U.S.C. §§ 286, 287, and/or 288.

### SEVENTH AFFIRMATIVE DEFENSE – NO WILLFULNESS

Plaintiffs are barred from obtaining a finding of willfulness or receiving enhanced damages because they have failed to set forth facts alleging reprehensible culpability on the part of Defendants, which is prerequisite for a finding of willfulness and an award of enhanced damages.

### EIGHTH AFFIRMATIVE DEFENSE – LACK OF SUFFICIENT RIGHTS TO SUE

On information and belief, Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack sufficient rights to sue or grant licenses under the Asserted Patents.  Plaintiffs do not own the Asserted Patents.  As pled by Plaintiffs, Involuntary Plaintiff Thales is the assignee and sole and exclusive owner of the Asserted Patents.

### NINTH AFFIRMATIVE DEFENSE – GOVERNMENT SALES EXCEPTION

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs accuse Defendants' products or services that are provided by or for the United States of America pursuant to 28 U.S.C. § 1498(a).

### <u>RESERVATION OF RIGHTS</u>

Defendants hereby reserve the right to amend their Answer and reserve all defenses set out in Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, which become applicable after the substantial completion of discovery or otherwise in the course of litigation.

Dated: September 27, 2021

Respectfully submitted,

*/s/ Paige Arnette Amstutz*

Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Tel: (512) 495-6300
Fax: (512) 495-6399
pamstutz@scottdoug.com

OF COUNSEL:

Jeannie Heffernan (*admitted*)
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
Tel: (512) 678-9100
Fax: (512) 678-9101
jeannie.heffernan@kirkland.com

*Counsel for Defendants Facebook, Inc. and
Facebook Technologies, LLC*

Ellisen Shelton Turner (*pro hac vice pending*)
Joshua Glucoft (*admitted*)
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Tel: (310) 552-4200
Fax: (310) 552-5900
ellisen.turner@kirkland.com
josh.glucoft@kirkland.com

Akshay S. Deoras (*pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Tel: (415) 439-1400
Fax: (415) 439-1500
akshay.deoras@kirkland.com

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on September 27, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Paige Arnette Amstutz*
_____

Paige Arnette Amstutz
