**WARREN LEX LLP**
Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
Sachli Balazadeh-Nayeri (State Bar No. 341885)
2261 Market Street, No. 606
San Francisco, California 94114
Telephone: 415-895-2940
Facsimile: 415-895-2964

**WILLIAMS & CONNOLLY LLP**
David I. Berl*
Adam D. Harber*
Elise M. Baumgarten*
Melissa B. Collins*
D. Shayon Ghosh (Cal. Bar No. 313628)
Arthur John Argall III*
Andrew G. Borrasso*
680 Maine Avenue SW
Washington, DC 20024
Telephone: 202-434-5000
Facsimile: 202-434-5029
* Admitted *pro hac vice*

*Attorneys for Plaintiffs Gentex Corp. and Indigo Technologies, LLC*

**KIRKLAND & ELLIS LLP**
Ellisen Shelton Turner (SBN #224842)
Joshua Glucoft (SBN #301249)
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Tel: (310) 552-4200
Fax: (310) 552-5900
ellisen.turner@kirkland.com
josh.glucoft@kirkland.com

Akshay S. Deoras (SBN #301962)
555 California Street
San Francisco, CA 94104
Tel: (415) 439-1400
Fax: (415) 439-1500
akshay.deoras@kirkland.com

Jeanne M. Heffernan (admitted *pro hac vice*)
401 Congress Avenue
Austin, TX 78701
Tel: (512) 678-9100
Fax: (512) 678-9101
jheffernan@kirkland.com

*Counsel for Defendants Meta Platforms, Inc. and Meta Platforms Technologies, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENTEX CORPORATION and INDIGO TECHNOLOGIES, LLC,<br><br>Plaintiffs,<br><br>THALES VISIONIX, INC.,<br><br>Involuntary Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC. and META PLATFORMS TECHNOLOGIES, LLC,<br><br>Defendants. | Case No.: 22-cv-03892-YGR<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

Pursuant to Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16-9, Patent Local Rule 2-1, the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, and the Clerk's Initial Case Management Conference Notice (Dkt No. 88), the parties to the above-titled action, Plaintiffs Gentex Corporation and Indigo Technologies, LLC (collectively, "Gentex"), and Defendants Meta Platforms, Inc. and Meta Platforms Technologies, LLC (collectively, "Meta") hereby submit this Joint Case Management Conference Statement and [Proposed] Order.

## I.   JURISDICTION AND SERVICE

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and the Patent Laws of the United States, 35 U.S.C. § 101, *et seq*. The Court has personal jurisdiction over the parties. On July 22, 2021, this action was filed in the United States District Court, Western District of Texas by Gentex pursuant to 28 U.S.C. §§ 1391(b)(2). (Dkt No. 1). On February 18, 2022, Meta moved to transfer the action to this District (Dkt No. 39). On July 5, 2022, the District Court for the Western District of Texas ordered that this action be transferred to this Court (Dkt No. 76). All parties have been served, and no party contests service.

## II.   FACTS

### A.   Gentex's Statement of Facts

Gentex is a privately-held company with a 125-year history developing products for defense forces, emergency responders, and industrial personnel. Gentex has exclusive licenses to several patents for virtual reality ("VR") related inventions in the fields-of-use of consumer electronic products for entertainment and gaming, and these patents include the asserted patents in this case: U.S. Patent Nos. 6,757,068 ("'068 patent"); 7,301,648 ("'648 patent"); 8,224,024 ("'024 patent"); 6,922,632 ("'632 patent"); 7,725,253 ("'253 patent") (collectively, the "Asserted Patents"). The Asserted Patents were previously assigned to InterSense, Inc., a pioneer in virtual reality founded by Eric Foxlin, a named inventor on each of the Asserted Patents. InterSense, Inc. was acquired by Gentex in 2011, then sold to Thales Visionix, Inc. ("Thales"). Thales owns the Asserted Patents and is an involuntary plaintiff in this action. Dkt No. 1 ("Compl.") ¶ 6.

To operate effectively, VR systems must keep track of things like a user's head, hands, and handheld controllers. To do so, such devices incorporate sensor measurement data to estimate the position and orientation of body parts or objects along six dimensions. At the time of the inventions, most existing tracking systems relied on external equipment placed in the room, which formed a significant obstacle to both usability and commercial viability. The Asserted Patents cover innovations that made it possible to forgo the external equipment and minimize equipment worn by the user.

Gentex brought this action for infringement against three virtual reality devices sold and marketed by Meta: the Oculus Quest, Oculus Quest 2, and Oculus Rift S (the "Accused Products"). Meta introduced the Accused Products after acquiring Oculus VR, Inc. for over $2 billion in 2014. Compl. ¶ 43. Meta's effort to reorganize itself around a focus on the virtual reality market has been based, in meaningful part, on Meta's implementation and use in the Accused Products of the inventions claimed in the Asserted Patents. For example, reviewers have praised Meta's "first standalone headset that offers [six-degrees-of-freedom] tracking on both the head and hands," explaining that sourceless tracking (*e.g.*, "inside-out tracking") "is perhaps the most important element" of the device. Compl. ¶ 46. These are features enabled by Meta's infringement. Gentex denies that any of Meta's affirmative defenses have merit, including Meta's noninfringement and invalidity defenses.

### B.   Meta's Statement of Facts

Meta is a leading technology company headquartered in Menlo Park, California, focused on giving people the power to build community and bring the world closer together. Gentex alleges that Meta's Oculus Quest 2 (*i.e.*, Meta Quest 2), Oculus Quest (*i.e.*, Meta Quest), and Oculus Rift S infringe the Asserted Patents. Compl. ¶¶ 1, 43-51. Meta filed its Answer on September 27, 2021, and asserts that it does not infringe the Asserted Patents and that the Asserted Patents are invalid. *See* Dkt No. 19.

Technology tracking the position and/or orientation of a user's head or body part, such as inertial sensors, cameras and other optical sensors, accelerometers, gyroscopes, and the like; wearable head-mounted displays or computers that were engineered to be sourceless and portable;

and various methods or techniques to manipulate and interact in VR and augmented reality ("AR") date back to the 1990s. Indeed, Eric Foxlin, a named inventor on each of the Asserted Patents, knew of such existing technologies—acknowledging, referencing, and incorporating disclosures of other researchers and inventors into the Asserted Patents. For example, head-mounted displays ("HMDs") were widely used in both VR and AR applications to allow a user to be submersed in a computer-generated environment. HMDs provided immersive images to the user while tracking the user's head motion to accurately reflect the user's perspective within the computer-generated environment. Tracking technology to determine the position and orientation of a user's head or a user's hand was well-known in the 1990s, and this included sourceless orientation trackers developed based on geomagnetic or inertial sensors.

Tracking systems often use measurements from sensors to aid in determining a pose of an object. Hybrid tracking systems that combined cameras and inertial sensors leveraged particular advantages of different sensor types for better accuracy, thereby capturing all six degrees of freedom for a tracked object. Tracking technology also allowed the conversion of measured data to different coordinate systems, e.g., Cartesian, Euler, oceanic navigational, by employing mathematical relationships.

Given this backdrop, Meta denies that any of the Asserted Patents are valid or enforceable and denies that it has infringed any valid claim of any Asserted Patent.

### III.  LEGAL ISSUES

The following disputed factual and legal issues may need to be resolved as part of this case:

- The proper construction of disputed claim terms, if any, in the Asserted Patents;
- Whether Meta has infringed one or more of the Asserted Patents;
- Whether the Asserted Patents are valid and enforceable;[1]

---

[1] Gentex's position is that that Meta has not pleaded an affirmative defense or counterclaim that any of the Asserted Patents is unenforceable. *See* Dkt. No. 19. Accordingly, Gentex disagrees that enforceability is a legal issue in this case or that Meta has requested, or can request, a judgment of unenforceability against the Asserted Patents. Meta states that whether the Asserted Patents are "valid and enforceable" was put at issue by Gentex in its Complaint. *See, e.g.*, Dkt No. 1, ¶¶ 31, 33, 35, 37, 39.

- Whether Meta's infringement of the Asserted Patents, if found, has been willful;
- The amount of damages, if any; and
- Whether the case is "exceptional" within the meaning of 35 U.S.C. § 285, entitling the prevailing party to reasonable attorney's fees.

The parties reserve the right to raise additional factual or legal issues that may arise throughout the course of this action.

## IV. MOTIONS

### A. Pending Motions

There are currently no pending motions before the Court, but the parties fully briefed their claim construction disputes before the case was transferred to this Court and those disputes remain pending.

### B. Anticipated Motions

The parties anticipate filing dispositive and non-dispositive motions as appropriate as the case progresses. Separately, Meta intends to file a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c).

## V. AMENDMENT OF PLEADINGS

Gentex does not presently intend to amend its Complaint, but reserves the right to do so as appropriate.

## VI. EVIDENCE PRESERVATION

The parties met and conferred at their Rule 26(f) conference regarding evidence preservation. Each party represents that it has instituted reasonable document retention procedures to maintain relevant documents, electronic or otherwise, until this dispute is resolved.

## VII. DISCLOSURES

The parties conducted a conference pursuant to Fed. R. Civ. P. 26(f) on November 1, 2021. The parties both served initial disclosures on April 26, 2022. Meta served supplemental initial disclosures on May 6, 2022. Gentex served supplemental initial disclosures on May 18, 2022. The parties each reserve their right to supplement their disclosures as discovery continues.

## VIII. DISCOVERY

### A. Discovery Taken to Date

This case was pending in the Western District of Texas for nearly a year before being transferred to this Court. During that time and since the transfer, the parties have engaged in the discovery set forth below.

***Contentions***

Pursuant to the default scheduling order in the Western District of Texas, Gentex served preliminary infringement contentions on October 12, 2021 and served amended preliminary infringement contentions on December 22, 2021. Gentex's amended preliminary infringement contentions asserted earlier priority dates for three of the Asserted Patents (8,224,024; 6,922,632; and 7,725,253), but did not otherwise modify Gentex's infringement claim charts or infringement theories.

Meta served preliminary invalidity contentions on January 3 and January 5, 2022, and then served supplemental invalidity contentions on March 15, 2022.

As contemplated by the default scheduling order in the Western District of Texas, the parties were to exchange final infringement and invalidity contentions on July 11, 2022. D.I. 69. The case was transferred on July 1, 2022, and the parties agreed that Gentex would serve amended infringement contentions on October 21, 2022 and Meta would serve amended invalidity contentions on December 5, 2022, as further discussed in Section XVII.

***Interrogatories***

Gentex has served 15 interrogatories and 5 venue interrogatories in this case. Meta has served objections and responses.

Meta has served 14 interrogatories, 2 claim construction interrogatories, and 4 venue interrogatories in this case. Gentex has served objections and responses.

***Depositions***

There have been three depositions in this case. Gentex has deposed Meta's expert regarding claim construction, and Meta has deposed Gentex's expert regarding claim construction. Gentex has

also taken a deposition of a Meta witness regarding the parties' venue dispute in the Western District of Texas.

***Document Production*** 

Gentex has served 52 requests for production and 4 venue requests for production on Meta. Meta has produced 669 documents to date.  In January 2022, Meta made available the source code for the Accused Products.

Meta has served on Gentex 56 requests for production, 3 claim construction requests for production, and 5 venue requests for production.  Gentex has produced 110 documents to date, including Gentex's license to the Asserted Patents.

***Third-Party Discovery***

Meta has served 13 third-party subpoenas to date; where documents were received, Meta has accordingly produced them to Gentex pursuant to the stipulated protective order entered for this case.  Dkt No. 56.  Separately, Meta served subpoenas on Eric Foxlin and involuntary plaintiff Thales[2] in May 2022.  Eric Foxlin and Thales have respectively served objections and responses, but have produced no documents.

**B.    Scope of Discovery**

Discovery will be subject to the limitations to be agreed upon by the parties and to be filed in a [Proposed] Order for Discovery of Electronically Stored Information, as described in Section VIII, which the parties are currently negotiating.  Without waiving any objections, the parties anticipate that the scope of discovery includes all nonprivileged matter relevant to the claims, counterclaims, and defenses in this action, including without limitation discovery relating to: the Asserted Patents, including at least the alleged conception and reduction to practice of the claimed inventions, the prosecution of the patents, prior art to the patents, the state of the art at the time of the inventions claimed in the patents; licensing of the patents, including third-party discovery of the licensees; Gentex's pre-suit investigation of Meta's alleged infringement; public documents and things concerning Meta's accused products; engineering documents; manuals; technical specifications and

---

[2]  Meta does not concede that Thales is a third-party for purposes of discovery served on Thales in this action.

the design, development, operation, source code, marketing, advertising, sales, and support of the accused Meta products.

### C.  Limitations On Discovery

The parties agree that, other than as modified below, discovery shall be conducted in accordance with the Federal Rules of Civil Procedure.

#### 1.  Depositions

*Fact Witnesses*.  The parties agree that each side shall be limited to 15 depositions of party and non-party witnesses, including witnesses noticed under Fed. R. Civ. P. 30(b)(6).  The parties agree that the claim construction and venue depositions conducted before transfer do not count towards the 15 depositions allowed under this section.  The time limitations of Rule 30(d)(1) shall apply to all depositions, unless otherwise agreed by the parties.  The depositions of testifying experts are not included within the total number of depositions allowed to each side.

*Expert Witnesses*.  Each deposition of an expert witness shall be limited to seven (7) hours, unless otherwise agreed by the parties in light of the scope of testimony.

#### 2.  Interrogatories

The parties agree on a limit of 25 interrogatories per party (excluding any venue or claim construction interrogatories).

#### 3.  Requests for Admission

Instead of the unlimited number of requests for admission permitted by the Federal Rules of Civil Procedure, the parties propose a limit of 50 requests for admission with respect to substantive matters.  However, no limits shall be placed on the number of requests for admission concerning the authenticity of a document.

### D.  Discovery of ESI

The parties have generally agreed to negotiate a stipulation governing discovery of electronically stored information.  The parties, however, are still negotiating the details of such stipulation and will seek guidance from the Court regarding any disputes.

### E.  Protective Order

The parties entered a stipulated protective order.  Dkt No. 56.

F.     **Electronic Service**

The parties agree to accept service by email. Gentex agrees to accept service at Gentex-Meta@wc.com and 22-3892@cases.warrenlex.com. Meta agrees to accept service at Facebook-Gentex@kirkland.com. Service by email will be treated as service by hand delivery. The parties agree that, for documents not filed through the Court's ECF system, service by email by 8:00 PM Pacific time on a given day will be treated as service by personal delivery that day. The parties further agree that documents filed publicly through the Court's ECF system need not be separately served by email or otherwise and that ECF filing constitutes personal service as of the date and time such document was filed. The parties agree that documents filed under seal or manually must be served by email or other electronic means including FTP transfer within a reasonable time following a related ECF filing, and that the email service of such documents shall relate back to the time of the related ECF filing.

G.     **Privilege and Privilege Logs**

The parties agree that, as a general matter, information concerning documents or things otherwise protected by the attorney-client privilege, work product immunity, or other privilege or protection ("Privileged Materials") that were created after July 22, 2021 (the "cut-off date") do not need to be included on any privilege log, provided that, if Meta waives attorney-client privilege to defend against willful infringement, the parties will need to discuss a procedure for logging documents after the cut-off date to ensure that sufficient information is provided to resolve any disputes about the proper scope of the waiver.

Absent such waiver, Privileged Materials created by or on behalf of, or exchanged by a party with, a party's own litigation counsel, regardless of their date, do not need to be included on any privilege log. The parties are discussing but not have yet agreed on the procedure and scope for logging any allegedly Privileged Materials shared or exchanged between Gentex and involuntary plaintiff Thales. The parties will raise disputes, if any, with the Court at the appropriate time.

To the extent one party has good cause to request the logging of certain identified categories of documents after the cutoff date or created by or on behalf of or exchanged with litigation counsel, the requesting party may request such a log from the producing party. If the producing party does

not agree, the requesting party may move the Court for an order requiring the producing party to provide such a log.

### H. Expert Discovery

The parties agree that the protections provided in Fed. R. Civ. P. 26(b)(4)(B) and (C) will apply equally to expert declarations as they do to expert reports, including both drafts of declarations and communications related to declarations. Pursuant to Fed. R. Civ. P. 26(b)(4), draft expert reports, notes, outlines, and any other writings leading up to an expert's final report(s) are exempt from discovery. In addition, all communications with and all materials generated by an expert with respect to his or her work on this action are exempt from discovery unless relied upon by the expert in forming his or her opinions. If an expert produces a report, the expert must produce his or her final report and all materials on which he or she relied.

## IX. CLASS ACTIONS

Not applicable here.

## X. RELATED CASES

There are no related district court cases. On July 21, 2022, Meta filed an *inter partes* review ("IPR") petition against the '024 patent: IPR2022-01294. On July 22, 2022, Meta filed *inter partes* review petitions against the other four Asserted Patents: IPR2022-01298 ('648 patent); IPR2022-01301 ('648 patent); IPR2022-01302 ('068 patent); IPR2022-01303 ('068 patent); IPR2022-01304 ('632 patent); IPR2022-01305 ('632 patent); IPR2022-01308 ('253 patent). The Patent Trial and Appeal Board issued notices of filing date on September 14, 2022 (-01294, -01298, -01301, -01302, -01303, -01305 IPRs) and September 27, 2022 (-01304, -01308 IPRs).

## XI. RELIEF

### A. Gentex's Requested Relief

1. A judgment that Meta has infringed the Asserted Patents;
2. A judgment that the Asserted Patents are valid;
3. An award of all damages recoverable under the laws of the United States in an amount to be proven at trial, including at least a reasonable royalty pursuant to 35 U.S.C. § 284 for Meta's sales the Accused Products;

    4.    An award of treble damages against Meta as a result of its willful infringement;

    5.    An accounting of all sales and revenues, together with pre-judgment and post-judgment interest;

    6.    A judgment and order requiring Meta to pay the costs of this action (including all disbursements) and all attorney's fees as provided by 35 U.S.C. § 285, with prejudgment interest; and

    7.    Such other and further relief as this Court may deem just and equitable.

**B.**    **Meta's Requested Relief**

    1.    A judgment that Meta has not infringed any valid and enforceable claim of any Asserted Patent;

    2.    A judgment that the Asserted Patents are invalid;

    3.    Denial of any recovery of damages to Gentex;

    4.    To the extent damages are appropriate, Gentex' recovery of damages is limited under 35 U.S.C. § 287.

    5.    Denial of an accounting of all sales and revenue, and a denial of any pre-judgment and post-judgment interest;

    6.    A judgment that this is an exceptional case, and awarding Meta attorneys' fees and all other costs reasonably incurred in defense of this action to the extent provided by law; and

    7.    Such other, further, and different relief as the Court deems just and proper.

**XII.**    **SETTLEMENT AND ADR**

The parties conferred regarding the possibility of Alternative Dispute Resolution on September 26, 2022 and each filed the ADR Certification that day.  Dkt Nos. 109, 110.  The parties are in discussions regarding possible approaches to resolution.

**XIII.**    **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

All parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

## XIV. OTHER REFERENCES

The parties do not presently believe that the case is suitable for referral to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

### A. Gentex's Position

In its preliminary infringement contentions served before any discovery or technical documents were produced, Gentex asserted 136 claims across the five Asserted Patents. Meta's invalidity contentions include 140 invalidity charts and over 2,000 obviousness combinations. Meta has repeatedly pressed Gentex to narrow the number of asserted claims, and Gentex is prepared to so, but any narrowing should be mutual. Gentex proposes that when it serves infringement contentions under the parties' stipulated schedule citing the source code that was made available for inspection by Meta after Gentex's initial infringement contentions were served, Gentex will agree to narrow its infringement contentions to assert no more than 50 claims, provided that Meta's invalidity contentions to be served on December 5, 2022 assert no more than 75 obviousness references, where each obviousness combination counts as a separate prior art reference. Although Meta complains below about the timing of third-party productions regarding prior art, it already has served 13 third-party subpoenas for prior art documents, and received documents in response to at least 8 of those subpoenas. To the extent Meta receives documents later and has good cause to amend its contentions under the Local Rules, it can do so. Gentex's position is that any further narrowing of asserted claims should take place in the normal course of litigation and after Meta has provided technical documents describing the functionality of the Accused Products and related source code in accordance with the Local Patent Rules.

In addition, Meta announces below its intent to move for a stay of this litigation if the PTAB institutes any of the eight IPR petitions it filed on the Asserted Patents just before the expiration of the one-year statutory bar. The merits of that motion should be addressed by the Court if and when it is filed.

### B. Meta's Position

Gentex's preliminary infringement contentions asserted 136 claims across the five Asserted Patents and made no distinction between the three Accused Products. Thus, and in response, Meta served invalidity contentions that included prior art references and combinations of those references to address each of the asserted 136 claims. Moreover, although Meta provided its source code to Gentex in January 2022 for each of the three Accused Products, Gentex has refused repeated requests by Meta to provide infringement contentions that specifically identify any allegedly infringing source code, despite having inspected the code on numerous occasions, including last month. Further, as noted above, third-party discovery is ongoing, and is extensive due to the large volume of prior art patents, publications, and hardware and software products. The timing in which these third parties provide documents and other information may impact Meta's ability to obtain and provide such prior art references before the dates contemplated by the parties' stipulated schedule. Meta proposes that the parties mutually work in good faith to narrow the scope of the case, including the number of prior art references Meta will assert in its invalidity contentions, upon receipt of Gentex's narrowed infringement contentions under the parties' stipulated schedule. Meta disagrees that it is reasonable at this point to limit its invalidity contentions to no more than 75 prior art references—where *each* combination "counts as a separate prior art reference" as Gentex states—particularly because Meta has no visibility at present regarding which claims will be at issue and which art, or combinations, will be needed after Gentex narrows the number of asserted claims.

In addition to the above, the approximate date for the PTAB to issue Institution Decisions for Meta's eight pending IPR petitions is March 14 and March 27, 2023. Should the PTAB institute any petitions, Meta intends to move for a stay of this litigation until the PTAB proceedings are resolved. As such, any outcome of an instituted petition should further narrow the issues in this case and conserve judicial resources.

## XVI. EXPEDITED TRIAL PROCEDURE

Neither party seeks an expedited trial procedure under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**XVII. SCHEDULING**

The parties have agreed to the proposed schedule attached as Appendix A, subject to the Court's availability.

**XVIII. TRIAL**

The case will be tried to a jury. The length of trial will depend on the parties' pretrial motions and the ability to narrow the issues. The parties request that the Court reserve two weeks for trial.

**XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Gentex has filed its "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16 (Dkt No. 82). Meta filed its "Certification of Non-Party Interested Entities or Persons" pursuant to Civil Local Rule 3-15. Dkt No. 112.

**XX. PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct.

**XXI. PATENT-RELATED ISSUES PURSUANT TO PATENT LOCAL RULE 2-1(A)**

**A.    Proposed Modification of Deadlines Provided for in the Patent Local Rules**

The parties agree to schedule the Claim Construction Hearing as proposed in Section XVII, *supra*, in order to prevent anticipated conflicts subject to accommodating the court and counsel's schedules, holidays, etc.

**B.    Discovery Related to Claim Construction**

The parties have already completed discovery related to claim construction, including depositions of both parties' experts, and believe that no further claim construction discovery is necessary.

**C.    Format of the Claim Construction Hearing**

The parties request that the *Markman* hearing proceed on the briefs the parties already submitted in the Western District of Texas. The parties do not anticipate that the hearing will exceed three hours.

**D.      How the Parties Intend to Educate the Court on the Technology at Issue**

The parties previously agreed to forego a technology tutorial for claim construction proceedings the Western District of Texas and agree that no technology tutorial is necessary here, but of course are available to conduct a technology tutorial if the Court requests one.

Dated: October 10, 2022                                    Respectfully submitted,

                                                           /s/ Adam D. Harber

                                                           **WARREN LEX LLP**
                                                           Matthew S. Warren (State Bar No. 230565)
                                                           Erika H. Warren (State Bar No. 295570)
                                                           Sachli Balazadeh-Nayeri (State Bar No. 341885)
                                                           2261 Market Street, No. 606
                                                           San Francisco, California 94114
                                                           Telephone:  415-895-2940
                                                           Facsimile:  415-895-2964

                                                           **WILLIAMS & CONNOLLY LLP**
                                                           David I. Berl*
                                                           Adam D. Harber*
                                                           Elise M. Baumgarten*
                                                           Melissa B. Collins*
                                                           D. Shayon Ghosh (State Bar No. 313628)
                                                           Arthur John Argall III*
                                                           Andrew G. Borrasso*
                                                           680 Maine Avenue SW
                                                           Washington, DC 20024
                                                           Telephone: 202-434-5000
                                                           Facsimile: 202-434-5029
                                                           * Admitted *pro hac vice*

                                                           *Attorneys for Plaintiffs Gentex Corp. and Indigo Technologies, LLC*

Dated: October 10, 2022                                    Respectfully submitted,

                                                           /s/ Ellisen Shelton Turner

                                                           **KIRKLAND & ELLIS LLP**
                                                           Ellisen Shelton Turner (SBN #224842)
                                                           Joshua Glucoft (SBN #301249)
                                                           2049 Century Park East, Suite 3700

| | |
|---|---|
| 1 | Los Angeles, CA 90067 |
| 2 | Tel: (310) 552-4200 |
|   | Fax: (310) 552-5900 |
| 3 | ellisen.turner@kirkland.com |
|   | josh.glucoft@kirkland.com |
| 4 | |
| 5 | Akshay S. Deoras (SBN #301962) |
|   | 555 California Street |
| 6 | San Francisco, CA 94104 |
|   | Tel: (415) 439-1400 |
| 7 | Fax: (415) 439-1500 |
|   | akshay.deoras@kirkland.com |
| 8 | |
| 9 | Jeanne M. Heffernan (admitted *pro hac vice*) |
|   | 401 Congress Avenue |
| 10 | Austin, TX 78701 |
|    | Tel: (512) 678-9100 |
| 11 | Fax: (512) 678-9101 |
|    | jheffernan@kirkland.com |
| 12 | |
| 13 | *Counsel for Defendants Meta Platforms, Inc. and Meta Platforms Technologies, LLC* |

### SIGNATURE ATTESTATION

Under Civil L.R. 5-1(h)(3), I attest that all electronic signatories to the foregoing document have concurred in this filing.

　　　　　　　　　　　　　　　　　　　　　/s/ Matthew S. Warren
　　　　　　　　　　　　　　　　　　　　　Matthew S. Warren

**APPENDIX A**

| Event | Proposed Schedule |
|---|---|
| Joint Case Management Statement (ECF No. 88) | 10/10/2022 (Mon) |
| Initial Case Management Conference (ECF No. 88) | 10/17/2022 (Mon) |
| Plaintiffs serve N.D. Cal. infringement contentions | 10/21/2022 (Fri) |
| Revised Joint Claim Construction Statement (According to Judge Gonzalez Rogers's format) | 11/18/2022 (Fri) |
| Defendants serve N.D. Cal. invalidity contentions | 12/5/2022 (Mon) |
| *Markman* hearing | 12/21/2022 (Wed) (subject to the Court's availability) |
| Damages Contentions | 1/10/2022 (Tue) |
| Responsive Damages Contentions | 2/9/2023 (Thu) |
| Deadline to add parties and/or amend pleadings | 3/2/2023 (Thu) |
| Deadline for M&C to further narrow # of claims and prior art (Amounts to be determined based on discovery) | 4/18/2023 (Tue) |
| Close of Fact Discovery | 5/16/2023 (Tue) |
| Opening Expert Reports | 6/27/2023 (Tue) |
| Rebuttal Expert Reports | 8/8/2023 (Tue) |

| Event | Proposed Schedule |
|---|---|
| Close of Expert Discovery | 9/12/2023 (Tue) |
| Deadline to file letter to request leave to file MSJ (Per Judge Gonzalez Rogers' Standing Order on Civil Cases) | 9/26/2023 (Tue) |
| Pre-Filing Conference re MSJ (typically Wed or Fri at 2:00 pm PT) | 10/6/2023 (Fri) |
| Opening summary judgment briefs | 10/20/2023 (Fri) |
| Responsive summary judgment briefs | 11/17/2023 (Fri) |
| Reply summary judgment briefs | 12/15/2023 (Fri) |
| Summary judgment hearing | 1/16/2024 (Tue) |
| Final Pretrial Conference | February/March 2024 (subject to Court's availability) |
| Trial | March /April 2024 (subject to Court's availability) |