IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENTEX CORPORATION and INDIGO TECHNOLOGIES, LLC,<br><br>        Plaintiffs,<br><br>THALES VISIONIX, INC.,<br><br>        Involuntary Plaintiff,<br><br>   v.<br><br>META PLATFORMS, INC. and META PLATFORMS TECHNOLOGIES, LLC,<br><br>        Defendants. | Case No. 4:22-cv-03892-YGR<br><br>**JOINT [PROPOSED] ORDER REGARDING CLAIM CONSTRUCTION AND DISCOVERY** |

Pursuant to Federal Rule of Civil Procedure 26(f) and the Notice Setting a Case Management Conference (Dkt No. 88), the parties to the above-titled action, Plaintiffs Gentex Corporation and Indigo Technologies, LLC (collectively, "Gentex"), and Defendants Meta Platforms, Inc. and Meta Platforms Technologies, LLC (collectively, "Meta") jointly filed a case management conference statement ("CMC Statement") (Dkt. No. 113) agreeing to certain case management issues and limitations on discovery.

With respect to claim construction, the parties have agreed that no technical tutorial is necessary. The parties further agreed that claim construction will proceed on the parties' prior briefing as submitted in the United States District Court for the Western District of Texas. There are, at present, a total of 12 disputed claim terms to be presented to this Court during the *Markman* hearing.[1]

Further, finding that good cause exists, the Court ORDERS that discovery proceed as stipulated in the parties' CMC Statement (Dkt. No. 113), as set forth below:

1. Other than as modified below, discovery shall be conducted in accordance with the Federal Rules of Civil Procedure.
2. The parties shall be limited to 15 depositions of party and non-party witnesses, including witnesses noticed under Fed. R. Civ. P. 30(b)(6). Claim construction and venue depositions conducted before transfer do not count towards the 15 depositions allowed under this section. The time limitations of Rule 30(d)(1) shall apply to all depositions, unless otherwise agreed by the parties. The depositions of testifying experts are not included within the total number of depositions allowed to each side.
3. Each deposition of an expert witness shall be limited to seven (7) hours, unless otherwise agreed by the parties or ordered by the Court in light of the scope of testimony.

---

[1] In the Western District of Texas, the parties briefed a total of 14 disputed claim terms (1 raised by Gentex and 13 raised by Meta) pursuant to a ruling from that Court granting leave to do so. On October 21, 2022, pursuant to the Scheduling Order, Gentex served infringement contentions that narrowed the number of asserted claims and eliminated the claims associated with two of Meta's identified disputed terms.

JOINT [PROPOSED] ORDER                        1                        Case No. 22-cv-3892-YGR

4. The parties are limited to 25 interrogatories per party, excluding any venue or claim construction interrogatories served prior to transfer of the case to this Court.

5. The parties are limited to 50 requests for admission with respect to substantive matters. However, no limits shall be placed on the number of requests for admission concerning the authenticity of a document.

6. Service by email is effective on Gentex at Gentex-Meta@wc.com and 22-3892@cases.warrenlex.com, and on Meta at Facebook-Gentex@kirkland.com. Service by email will be treated as service by hand delivery. For documents not filed through the Court's ECF system, service by email by 8:00 PM Pacific time on a given day shall be treated as service by personal delivery that day. Documents filed publicly through the Court's ECF system need not be separately served by email or otherwise and that ECF filing constitutes personal service as of the date and time such document was filed. Documents filed under seal or manually must be served by email or other electronic means including FTP transfer within a reasonable time following a related ECF filing, and the email service of such documents shall relate back to the time of the related ECF filing.

7. Information concerning documents or things otherwise protected by the attorney-client privilege, work product immunity, or other privilege or protection ("Privileged Materials") that were created after July 22, 2021 (the "cut-off date") do not generally need to be included on any privilege log, but if Meta waives attorney-client privilege to defend against willful infringement, the parties will discuss a procedure for logging documents after the cut-off date to ensure that sufficient information is provided to resolve any disputes about the proper scope of the waiver.

   a. Absent such waiver, Privileged Materials created by or on behalf of, or exchanged by a party with, a party's own litigation counsel, regardless of their date, do not generally need to be included on any privilege log. The parties are discussing but not have yet agreed on the procedure and scope for logging any allegedly Privileged Materials shared or exchanged between Gentex and

involuntary plaintiff, Thales Visionix, Inc. The parties will raise disputes, if any, with the Court at the appropriate time.

    b. To the extent one party has good cause to request the logging of certain identified categories of documents after the cutoff date or created by or on behalf of or exchanged with litigation counsel, the requesting party may request such a log from the producing party. If the producing party does not agree, the requesting party may move the Court for an order requiring the producing party to provide such a log.

8. The protections provided in Fed. R. Civ. P. 26(b)(4)(B) and (C) will apply equally to expert declarations as they do to expert reports, including both drafts of declarations and communications related to declarations. Pursuant to Fed. R. Civ. P. 26(b)(4), draft expert reports, notes, outlines, and any other writings leading up to an expert's final report(s) are exempt from discovery. In addition, all communications with and all materials generated by an expert with respect to his or her work on this action are exempt from discovery unless relied upon by the expert in forming his or her opinions. If an expert produces a report, the expert must produce his or her final report and all materials on which he or she relied.

9. The parties will negotiate a stipulation governing discovery of electronically stored information and will file the stipulation with the Court when negotiations are complete.

Further, the Court hereby ORDERS that the *Markman* hearing shall proceed on January 13, 2023 at 9:00 am, and that, except for two terms removed due to Gentex's reduction of asserted claims, claim construction will proceed on the parties' prior briefing on a total of 12 terms.

**IT IS SO ORDERED**

Date: 11/9/2022

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE