Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
Sachli Balazadeh-Nayeri (State Bar No. 341885)
22-3892@cases.warrenlex.com
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

David I. Berl (*pro hac vice*)
Adam D. Harber (*pro hac vice*)
Elise M. Baumgarten (*pro hac vice*)
Melissa B. Collins (*pro hac vice*)
D. Shayon Ghosh (State Bar No. 313628)
Arthur John Argall III (*pro hac vice*)
Andrew G. Borrasso (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue S.W.
Washington, D.C., 20024
+1 (202) 434-5000
+1 (202) 434-5029 facsimile

*Attorneys for Plaintiffs Gentex Corporation and Indigo Technologies, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENTEX CORPORATION and INDIGO TECHNOLOGIES, LLC,<br><br>　　Plaintiffs,<br><br>THALES VISIONIX, INC.,<br><br>　　Involuntary Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC. and META PLATFORM TECHNOLOGIES, LLC,<br><br>　　Defendants. | Case No. 5:22-cv-3892-YGR<br><br>**SUPPLEMENTAL NOTICE REGARDING CLAIM CONSTRUCTION** |

As requested at the *Markman* hearing held before the Court on January 13, 2023, Plaintiffs respectfully submit the attached IPR petition from IPR2022-01304 ("Pet.") submitted by Meta, relating to claims of U.S. Patent No. 6,922,632.

In its claim construction briefing to this Court, Meta argues that the claim terms "characterizes" and "characterizing" recited in certain claims of the '632 patent are indefinite. In particular, it asserts

that the meaning of the terms is unclear because "the claims and specification repeatedly differentiate between data itself and characterizations of that data." ECF 45 at 14.  During the *Markman* hearing, Meta's counsel stated clearly and definitely that "characterizes" "cannot be 'is.'"  *See* Meta Slide 58.

That position is directly contrary to the one Meta is taking in the parallel IPR proceedings involving the same patents.  In petitions that were filed after *Markman* briefing was complete in this Court, Meta confirmed repeatedly that it understood what the word "characterizes" meant in the context of the claims, and did so in a way that is consistent with Plaintiffs' arguments here and not its own.  For example, claim 6 recites that "the state estimate characterizes configuration information."  Meta asserted that the prior art taught this limitation because it used "estimates [that] *constitute* configuration (calibration) information."  Pet. at 46 (emphasis added).  Likewise, claim 17 recites that "the sensor measurement characterizes a linear mapping."  Meta argued that the prior art taught this limitation because it disclosed a sensor measurement that "would be a linear mapping."  Pet. at 52.  And claim 13 recites "providing information characterizing a relative location of said sensing elements."  Again, Meta argued that this limitation was taught by the prior art because "[t]he relative difference in position between [] two sensing elements satisfies this limitation."  Pet. at 28.

This is not a matter of disputing the outer bounds of claim scope while agreeing on its "heart"; Meta is taking expressly contradictory positions.  In its IPR Petition, Meta argued that an estimate that "constitute[d] configuration . . . information" taught an "estimate [that] characterizes configuration information," while Meta's claim construction briefing contends that the information and its "characterizations" cannot be the same.

Nor is this a matter of Meta using Plaintiffs' construction in its IPR petition.  While Meta indicated as a general matter that it was not waiving any § 112 arguments in the district court, Pet. at 13 n.3 (purporting to reserve "any arguments concerning indefiniteness, alternative claim scope, or other constructions"), it did not tell the PTAB that it was using a construction it disagreed with for purposes of challenging the patent.  Nor would that be proper under the Patent Trial and Appeal Board's (PTAB) decisions.  As the PTAB has held, a "[p]etitioner's strategic decision to not take a definitive position on the meaning of [a term] and to not provide complete claim construction briefing for any 'alternative' meaning of the term constitutes a failure of [p]etitioner to identify how the claim term should be

construed." *Infinera Corp. v. Core Optical Techs., LLC,* 2019 WL 3059846, at *2 (P.T.A.B. July 11, 2019).

      Plaintiffs therefore respectfully submit the attached Petition for consideration by the Court in construing the terms "characterizes" and "characterizing" in the Family 2 patents.

Date: January 18, 2023

Respectfully submitted,

/s/ Matthew S. Warren

Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
Sachli Balazadeh-Nayeri (State Bar No. 341885)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
22-3892@cases.warrenlex.com

David I. Berl (*pro hac vice*)
Adam D. Harber (*pro hac vice*)
Elise M. Baumgarten (*pro hac vice*)
Melissa B. Collins (*pro hac vice*)
D. Shayon Ghosh (State Bar No. 313628)
Arthur John Argall III (*pro hac vice*)
Andrew G. Borrasso (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Telephone: 202-434-5000
Facsimile: 202-434-5029

*Attorneys for Plaintiffs Gentex Corporation and Indigo Technologies, LLC*

**SIGNATURE ATTESTATION**

      Under Civil L.R. 5-1(h)(3), I attest that all electronic signatories to the foregoing document have concurred in this filing.

/s/ Matthew S. Warren

Matthew S. Warren