Ellisen Shelton Turner (SBN #224842)
Joshua Glucoft (SBN #301249)
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Tel: (310) 552-4200
Fax: (310) 552-5900
ellisen.turner@kirkland.com
josh.glucoft@kirkland.com

Akshay S. Deoras (SBN #301962)
Yan-Xin Li (SBN #332329)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Tel: (415) 439-1400
Fax: (415) 439-1500
akshay.deoras@kirkland.com
yanxin.li@kirkland.com

Jeanne M. Heffernan (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
Tel: (512) 678-9100
Fax: (512) 678-9101
jheffernan@kirkland.com

*Counsel for Defendants Meta Platforms, Inc.
and Meta Platforms Technologies, LLC*

[Additional counsel listed on signature page]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| GENTEX CORPORATION and INDIGO TECHNOLOGIES, LLC,<br><br>Plaintiffs,<br><br>THALES VISIONIX, INC.,<br><br>Involuntary Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC. and META PLATFORMS TECHNOLOGIES, LLC,<br><br>Defendants. | Case No. 4:22-cv-03892-YGR<br><br>**DEFENDANTS META PLATFORMS, INC. AND META PLATFORMS TECHNOLOGIES, LLC'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED ANSWER**<br><br>**Date:** May 2, 2023<br>**Time:** 2:00 p.m.<br>**Location:** Courtroom 1, 4th Floor<br>**Judge:** Hon. Yvonne Gonzalez Rogers |

## NOTICE OF MOTION

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, on May 2, 2023 at 2:00 p.m., or as soon thereafter as it may be heard, in the courtroom of Honorable Yvonne Gonzalez Rogers, located at Oakland Courthouse, Courtroom 1, 4th Floor, 1301 Clay Street, Oakland, CA 94612, Defendants Meta Platforms, Inc. and Meta Platform Technologies, LLC (collectively, "Meta"), will and do now move the Court pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to file an amended answer (Ex. 12) to plaintiff's complaint for patent infringement (Dkt. No. 1).

This motion is based upon this notice of motion and the memorandum of points and authorities in support thereof, evidence attached hereto, the complaint (Dkt. No. 1); other pleadings on file in this matter, the arguments of counsel, and all other material that may properly come before the Court at or before the hearing on this Motion.

## ISSUES TO BE DECIDED

Whether Meta should be permitted to amend its answer to include an affirmative defense of inequitable conduct, where such proposed amendment is timely; Meta was diligent in pursuing the discovery that gave rise to the defense; and the amendment is not prejudicial to plaintiffs or futile.

Dated: March 2, 2023                         Respectfully submitted,

 /s/ Joshua Glucoft
Ellisen Shelton Turner (SBN #224842)
Joshua Glucoft (SBN #301249)
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Tel: (310) 552-4200
Fax: (310) 552-5900
ellisen.turner@kirkland.com
josh.glucoft@kirkland.com

Akshay S. Deoras (SBN #301962)
Yan-Xin Li (SBN#332329)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Tel: (415) 439-1400

META'S MOTION FOR LEAVE TO AMEND ANSWER        1        CASE NO. 4:22-cv-03892-YGR

Fax: (415) 439-1500
akshay.deoras@kirkland.com
yanxin.li@kirkland.com

Jeanne M. Heffernan (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
Tel: (512) 678-9100
Fax: (512) 678-9101
jheffernan@kirkland.com

Yimeng Dou (SBN #285248)
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Tel: (213) 680-8400
Fax: (213) 680-8500
yimeng.dou@kirkland.com

*Counsel for Defendants Meta Platforms, Inc. and Meta Platforms Technologies, LLC*

**CONTENTS**

I.   INTRODUCTION ........................................................................................................................ 1

II.  STATEMENT OF FACTS ........................................................................................................ 1

III. THE COURT SHOULD GRANT LEAVE TO AMEND ..................................................... 4

IV.  CONCLUSION ......................................................................................................................... 7

## MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

In accordance with the March 2, 2023 deadline to amend pleadings in the Court's Scheduling Order (Dkt. 116 at 1), Meta timely seeks leave pursuant to FRCP 15(a)(2) to file a first amended answer (Ex. 12) to plaintiffs' ("Gentex") complaint for patent infringement. Specifically, Meta seeks to add an affirmative defense of inequitable conduct in view of Meta's recent discovery of evidence indicating that Mr. Eric Foxlin (the named inventor on all of the asserted patents) intentionally withheld but-for material prior art from the USPTO in order to obtain the asserted patents.

Meta served a subpoena seeking the documents that form the basis of its proposed amendment on Mr. Foxlin nine months ago, in May 2022. Despite repeated requests, Mr. Foxlin did not produce any documents in response to the subpoena until just a few weeks ago, on February 10, 2023. Mr. Foxlin produced many more documents just a few days ago, on February 27, 2023. Within days of receiving the documents, Meta diligently reviewed them and discovered Mr. Foxlin's inequitable conduct and immediately began preparing its proposed amended answer and this motion. In situations such as this where belated discovery responses precipitate the need to amend a pleading, courts routinely grant leave to amend. *See Strickland v. Ujuiri*, No. 20-cv-981-YGR, 2020 WL 5530076, at *1 (N.D. Cal. Sept. 15, 2020) (Rogers, J.) ("Based upon the timing of the discovery responses giving rise to the proposed amendment, the Court finds good cause to permit the filing of the proposed amended joint answer and counterclaim…. The record indicates no failure of diligence by defendants in seeking leave to amend at this time.").

## II. STATEMENT OF FACTS

Meta's proposed amendment was necessitated by the recent document discovery belatedly provided by Mr. Eric Foxlin, who is the named inventor on all of the asserted patents. As background, counsel for Gentex (who also represents Mr. Foxlin) accepted service of a subpoena on Mr. Foxlin's behalf nine months ago, on May 10, 2022. *See* Ex. 1. That subpoena sought, among other things, documents related to prior art and Mr. Foxlin's decision to submit, or not submit, prior art to the USPTO during the prosecution of the asserted patents. *See* Ex. 2 at, *e.g.*, 14-15 (request for production nos. 4 and 9).

Mr. Foxlin never moved to quash the subpoena and sought no protective order limiting the subpoena's scope. Instead, he served 41 pages of objections seeking to narrow the scope of discovery and refusing to commit to a date certain by when he would produce documents, notwithstanding his central relevance to this case. Meta therefore followed up with Mr. Foxlin's counsel to point out the issues with his response, and Meta conferred with his counsel multiple times on the issue. *See* Ex. 3; Ex. 4. Mr. Foxlin still did not produce any documents. Meta diligently sought to resolve the issue before the deadline to amend pleadings and without the need to burden the Court with a discovery dispute. Yet, by mid-December 2022, Mr. Foxlin had yet to produce a single document in response to Meta's subpoena, and his counsel refused to respond to the issues Meta raised. *See* Ex. 5 ("[W]e still have received no response to our October 27 letter regarding Mr. Foxlin's subpoena response. This subpoena was served 7 months ago on May 9, 2022, yet we have not received a single document in response."). The new year came and went, but nothing changed, despite Meta's continued pleas for a good faith document production. *See* Ex. 6 (January 12, 2023: "It has been over two months since we sent our last letter regarding Mr. Foxlin's deficient subpoena response, almost four months since we first started meeting and conferring on the issues with his responses, and over eight months since we served his subpoena. Still Mr. Foxlin has not produced a single document in response or provided an explanation as to why he is refusing to fully comply with the subpoena."). Yet another month passed without Mr. Foxlin engaging, even after Meta expressly indicated that his failure to do so was prejudicial to Meta's ability to timely amend its pleadings. *See* Ex. 7 (February 6, 2023: "We served a subpoena on Mr. Foxlin nearly nine months ago. … We have conferred with you repeatedly to try to get documents but to no avail. This is impeding our ability to meet the case deadlines, including for any potential amendment to … claims and defenses in the pleadings.").

Finally, on February 10, 2023, Mr. Foxlin made an initial production of nearly 1000 pages. *See* Ex. 8. And just three days ago, on February 27, 2023, Mr. Foxlin supplemented his production and produced more than 6,600 additional pages of documents, and indicated that additional documents would be produced at a later date. *See* Ex. 9.

After Meta began reviewing the documents that Mr. Foxlin had been withholding, it soon found evidence that Mr. Foxlin had withheld material prior art from the USPTO while prosecuting the presently asserted patents. For example:

- Two of the asserted patents purport that their invention is a "new tracking technique [that] is essentially 'sourceless' in that it can be used anywhere with no set-up…." *See* '068 Patent, Abstract; '648 Patent, Abstract. But years before these patent applications were filed, Mr. Foxlin, was aware of and had assisted in publishing articles about "sourceless trackers." For example, in 1995, Mr. Foxlin assisted in publishing an article in VR News entitled "Sourceless Tracker" by Robin Hollands. *See* Ex. G. Yet Mr. Foxlin did not disclose this article to the USPTO during the prosecution of either the '068 or '648 Patents. Notably, Mr. Foxlin did disclose this article as prior art during the prosecution of other patents where "sourceless" tracking was not the claimed invention.

- With respect to two of the other asserted patents (the '632 Patent and the related '253 Patent), Mr. Foxlin failed to disclose that he sold products that practice the '632 and '253 Patents prior to filing a patent application disclosing the alleged inventions. For example, at least as early as 2000, Mr. Foxlin publicly disclosed and made available for sale the IS-900 product, some versions of which were later sold with a manual that included a patent marking for the '632 Patent. *See* Ex. T. Once again, Mr. Foxlin did disclose the IS-900 and related manuals during the prosecution of other patents, but not the '632 Patent or related '253 Patent that the IS-900 product embodied. *See* Ex. L.

- The last of the five asserted patents (the '024 Patent) is directed to a method of calculating the "spatial location and azimuth" of an object using "**exactly two points** on the object." Nearly a year before filing the provisional application to the '024 Patent, Mr. Foxlin authored a paper titled "FlightTracker: A Novel Optical/Inertial Tracker for Cockpit Enhanced Vision" (Ex. V), which discloses (among other things) a tracking system relying on "two targets" on a helmet. *Id.* at 6. Mr. Foxlin did not, however, disclose this reference to the PTO during prosecution.

These are just a few of several examples of but-for material prior art references that Mr. Foxlin withheld from the USPTO during prosecution of the asserted patents. *See also* Ex. 12 at 21-32 (detailing additional but-for material prior art references that Mr. Foxlin did not disclose during prosecution of the asserted patents). As alleged in the proposed amended answer, Mr. Foxlin's intimate familiarity with these references (such as papers he co-authored and products he sold) and his selective disclosure of such references to the USPTO (during the prosecution of certain applications but not others, and sometimes not at all) evidence his intent to deceive the USPTO in order to procure the asserted patents. The history of Mr. Foxlin's inequitable conduct, supported in part by the documents

he recently produced, is set forth in detail in Meta's proposed new, tenth affirmative defense. *See* Ex. 12 at 21-32.

Meta now seeks leave to amend its pleading to add an affirmative defense of inequitable conduct based on the additional information it recently received, by the current Court-ordered deadline to amend.[1] This is the first time that Meta has sought leave to amend its answer.

### III. THE COURT SHOULD GRANT LEAVE TO AMEND

FRCP 15(a)(2) provides that "[t]he court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d at 1079).

Under FRCP 15, the "four factors commonly used to determine the proprietary of a motion for leave to amend are bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *See Strickland v. Ujuiri*, No. 20-cv-981-YGR, 2020 WL 5530076, at *1 (N.D. Cal. Sept. 15, 2020) (Rogers, J.) (quoting *Abels v. JBC Legal Group, P.C.*, 229 F.R.D. 152, 155-56 (N.D. Cal. 2005)). "Courts may decline to grant leave to amend only if there is ***strong evidence***" of these factors." *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).[2] Absent strong evidence, "there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003)..

The Court's deadline for amending pleadings in this case is March 2, 2023. *See* Dkt. 116 at 1. Thus, Meta's motion for leave to amend is timely, and Meta need not show there is also "good cause" for its proposed amendment. *See In re: Facebook Privacy Litig.*, No. 10-cv-02389(RMW), 2015 WL 2453734, at *4 (N.D. Cal. May 22, 2015); *Emerson v. Iron Mountain Information Management Services, Inc.*, No. 20-CV-08607-YGR, 2021 WL 4311455, at *2 n.2 (N.D. Cal. Sept. 22, 2021)

---

[1] Following Mr. Foxlin's February 27 production, Meta repeatedly reached out to Gentex to request a reasonable extension of time to amend its pleadings. Gentex refused each request. *See* Ex. 10 (correspondence between the parties regarding Meta's request for extension of time).
[2] All emphasis added unless indicated otherwise.

(Rogers, J.). Moreover, none of the four factors that courts consider in a Rule 15 analysis weigh against granting leave to amend. Each of the four factors is discussed below in turn.

***No Bad Faith*** : There is no bad faith associated with Meta's proposed amendment. Indeed, Gentex itself has never indicated there is. *See, e.g.*, Ex. 10. Meta's amendment is not being pursued for purposes of harassment nor any other improper purpose, and there is no gamesmanship associated with the timing of this motion, which was filed within days of Mr. Foxlin producing key discovery supporting the basis of Meta's new allegations.

***No Undue Delay*** : Meta did not unduly delay in seeking to amend. Mr. Foxlin first produced documents only three weeks ago and has produced many more documents just three days ago. Meta worked diligently to review these documents and amend its answer before the Court-ordered deadline to amend. Courts routinely find no undue delay in situations just like this, where the party has "moved promptly after discovery of information and did so prior to expiration of any case deadlines." *See Frans Lanting, Inc. v. McGraw-Hill Global Education Holdings, LLC*, No. 15-cv-05381-DMR, 2016 WL 3231529, at *3 (N.D. Cal. June 13, 2016) (describing the holding in *McFall v. Stacy & Witbeck, Inc.*, No. 14-CV-04150-JSC, 2016 WL 2851589, at *3 (N.D. Cal. May 16, 2016)); *Optrics Inc. v. Barracuda Networks Inc.*, No. 17-CV-04977-RS, 2020 WL 8680000, at *3 (N.D. Cal. June 11, 2020) (finding that three weeks did not constitute undue delay).

***No Prejudice*** : There is no prejudice to Gentex in permitting Meta to amend its answer. Mr. Foxlin has not yet been deposed and there are still several months remaining in fact discovery (Dkt. 116 at 1); therefore, to the extent that Gentex believes it needs discovery in order to oppose Meta's new allegations, Gentex has sufficient time to pursue it. Courts do not find prejudice in these types of situations. *See Giuliano v. SanDisk Corp.*, No. No. C 10-02787 SBA, 2014 WL 4685012, at *5 (N.D. Cal. Sept. 19, 2014) ("The Court finds that SanDisk has failed to sustain its burden to demonstrate that it will suffer substantial prejudice if Plaintiffs are granted leave to amend their pleading. Plaintiffs filed the instant motion within the deadline established by the Court to amend pleadings, approximately nine months before the original deadline for the close of fact discovery.").

***Not Futile***: Meta's proposed amendment is not futile. For purposes of Rule 15, an amendment is considered futile only if "***no*** set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Collaboration Properties, Inc. v. Tandberg ASA*, No. C 05-01940 MHP, 2007 WL 205065, at *2 (N.D. Cal. Jan. 25, 2007). Meta's affirmative defense alleges facts that, if proved, would constitute a valid defense of inequitable conduct, namely that there was (1) an affirmative misrepresentation of material fact to the USPTO (*see* Ex. 12 at 21-28, 30, 32), and (2) the misrepresentation was done with specific intent to deceive the USPTO (*see* Ex. 12 at 28-33). This is sufficient for purposes of amending the pleading, regardless of whether Meta has alleged enough facts to withstand a subsequent Rule 12 motion (should Gentex choose to file one), because "courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *See Microsoft Corp. v. Hon Hai Precision Indus. Co.*, No. 19-CV-01279-LHK, 2020 WL 836712, at *14 (N.D. Cal. Feb. 20, 2020) (quoting *Snap! Mobile, Inc. v. Croghan*, No. 18-CV-04686-LHK, 2019 WL 3503071, at *4 (N.D. Cal. Aug. 1, 2019)). Thus, while Meta's affirmative defense satisfies any heightened pleading standard associated with inequitable conduct, that is an issue for another day; for the present motion, the facts alleged are more than sufficient to find that the proposed amendment is not futile. *See Unicorn Energy GMBH v. Tesla Inc.*, No. 21-CV-07476-BLF, 2022 WL 16528138, at *2 (N.D. Cal. Oct. 28, 2022) ("The Court also finds that Unicorn has failed to meet its ***heavy burden*** of proving futility of amendment. … The Court cannot say at this stage that there is ***no*** set of facts that can be proved under the amendment to the pleadings that would constitute a valid [inequitable conduct] claim or defense," where the proposed defense "identifies the allegedly material prior art references," alleged an individual "knew of the allegedly material references," and "alleges [the individual] did not disclose the reference.").

Gentex should not be heard to argue that the amendment is futile at this stage. Mr. Foxlin is serving as a paid consultant for Gentex, is being represented by Gentex's counsel, and was made aware that belated discovery responses would prejudice Meta's ability to timely amend its pleading (Ex. 7), yet Mr. Foxlin still significantly delayed producing the critical discovery (and he still has not

completed his document production). Meta therefore did not have a reasonable opportunity to review all of the relevant evidence in Mr. Foxlin's possession, let alone his belated document production, and incorporate it into Meta's amended pleading before the Court-ordered deadline to amend. As a result, to the extent Gentex argues that Meta has not pleaded sufficient facts, (1) that is incorrect, as the proposed amended pleading and exhibits thereto amply demonstrate, and (2) any alleged deficiencies result from discovery delays caused by Gentex and the material witness (Mr. Foxlin) that Gentex controls.

## IV.   CONCLUSION

Meta's amended answer is timely filed by the Court-ordered deadline. There also is not any evidence, let alone strong evidence, of bad faith, undue delay, prejudice, or futility sufficient to rebut the presumption in Meta's favor of freely granting leave to amend. For the foregoing reasons, Meta respectfully requests that the Court grant Meta leave to file an amended answer.

| | |
|---|---|
| Dated: March 2, 2023 | Respectfully submitted,<br><br> /s/ Joshua Glucoft<br>Ellisen Shelton Turner (SBN #224842)<br>Joshua Glucoft (SBN #301249)<br>KIRKLAND & ELLIS LLP<br>2049 Century Park East, Suite 3700<br>Los Angeles, CA 90067<br>Tel: (310) 552-4200<br>Fax: (310) 552-5900<br>ellisen.turner@kirkland.com<br>josh.glucoft@kirkland.com<br><br>Akshay S. Deoras (SBN #301962)<br>Yan-Xin Li (SBN#332329)<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, CA 94104<br>Tel: (415) 439-1400<br>Fax: (415) 439-1500<br>akshay.deoras@kirkland.com<br>yanxin.li@kirkland.com<br><br>Jeanne M. Heffernan (admitted *pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>401 Congress Avenue<br>Austin, TX 78701<br>Tel: (512) 678-9100<br>Fax: (512) 678-9101<br>jheffernan@kirkland.com<br><br>Yimeng Dou (SBN #285248)<br>KIRKLAND & ELLIS LLP<br>555 South Flower Street<br>Los Angeles, CA 90071<br>Tel: (213) 680-8400<br>Fax: (213) 680-8500<br>yimeng.dou@kirkland.com<br><br>*Counsel for Defendants Meta Platforms, Inc. and Meta Platforms Technologies, LLC* |