# Exhibit 7

| | |
|---|---|
| **From:** | Harris, Laura Ashley |
| **Sent:** | Monday, February 6, 2023 11:34 AM |
| **To:** | Borrasso, Andrew |
| **Cc:** | Turner, Ellisen Shelton; Deoras, Akshay S.; Glucoft, Josh; Li, Yan-Xin; Dou, Yimeng; Heffernan, Jeannie; Dyer, David; #Facebook-Gentex; Harber, Adam; Collins, Melissa; Baumgarten, Elise; Ghosh, Shayon; Argall, Arthur; matt@warrenlex.com; sachli@warrenlex.com; erika@warrenlex.com; 22-3892@cases.warrenlex.com; meredith@addyhart.com |
| **Subject:** | RE: Gentex Corp. et al. v. Meta Platforms, Inc. et al., No. 22-cv-3892-YGR |

Counsel,

We served a subpoena on Mr. Foxlin nearly nine months ago. The deadline for a response passed long ago, with no document production, and the deadline to request any protective order limiting the subpoena passed long ago as well. We have conferred with you repeatedly to try to get documents but to no avail. This is impeding our ability to meet the case deadlines, including for any potential amendment to invalidity contentions or amendment to claims and defenses in the pleadings. We want to avoid the need to seek sanctions for non-compliance. To that end:

1. Please provide by 2/8 a date certain when we will begin receiving documents from Mr. Foxlin and when he will substantially complete his production. Given that it has been 8 months and he is a single custodian, we request production begin this week with substantial completion by 2/20.
2. Mr. Foxlin may not delay producing ESI while the parties work on an ESI proposal between them. The parties' ESI proposal and negotiations relate to issues concerning large companies not individuals. Please confirm whether Mr. Foxlin will produce responsive ESI by the deadlines in #1 above. Given that 8 months have passed with no production, if Mr. Foxlin wishes to discuss a particular ESI search approach at this late stage, please provide by 2/8 a list of his ESI repositories and any proposed search terms to satisfy the subpoena requests. Please confirm also that for any ESI, Mr. Foxlin will provide copies of such ESI with all meta data intact. For example, with respect to prior art that Mr. Foxlin possesses as ESI, including prior art listed on the face of the asserted patents, Mr. Foxlin must provide copies of such ESI with all meta data intact.
3. Please confirm that Mr. Foxlin will provide by 2/20 a privilege log regarding any documents he is withholding on privilege grounds. If Mr. Foxlin intends to withhold any agreements he has with any of the plaintiffs, please explain the basis for doing so.
4. We disagree with your letter, which is not in any event the proper way to impose limitations on a non-party subpoena. That said, we are willing to reserve those issues until after we receive and review Mr. Foxlin's production in accordance with items 1-3 above, provided that the production is begun and completed by the dates we have requested. Given that we remain in the dark as to whether and when we will be receiving any documents from Mr. Foxlin, we cannot agree to any of the new limits proposed in your letter and we therefore reserve all rights.
5. While we hope to avoid motion practice it seems that will be necessary here. Please let us know if you contend that an in-person meet and confer is required and if so, please provide your availability to confer this week. We do not believe that an in-person conference is required for a motion to compel and for sanctions where such motion is to enforce a non-party subpoena. But if you contend a particular procedure is required, please propose it by 2/8. That said, if we cannot agree on a procedure, we will move forward according to the normal practice for non-party subpoena enforcement under the Federal and Local Rules.

Best,
Laura

**Laura Ashley Harris**

**KIRKLAND & ELLIS LLP**
555 California Street, San Francisco, CA 94104
**T** +1 415 439 1662
**F** +1 415 439 1500

lauraashley.harris@kirkland.com

1