Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
22-3892@cases.warrenkashwarren.com
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
Tel: (415) 895-2940
Fax: (415) 895-2964

David I. Berl (*pro hac vice*)
Adam D. Harber (*pro hac vice*)
Elise M. Baumgarten (*pro hac vice*)
Melissa B. Collins (*pro hac vice*)
D. Shayon Ghosh (State Bar No. 313628)
Arthur John Argall III (*pro hac vice*)
Andrew G. Borrasso (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue S.W.
Washington, D.C., 20024
Tel: (202) 434-5000
Fax: (202) 434-5029

*Counsel for Plaintiffs Gentex Corporation and Indigo Technologies, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| GENTEX CORPORATION and INDIGO TECHNOLOGIES, LLC,<br><br>Plaintiffs,<br><br>THALES VISIONIX, INC.,<br><br>Involuntary Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC. and META PLATFORMS TECHNOLOGIES, LLC,<br><br>Defendants. | Case No. 4:22-cv-03892-YGR<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF AND EXHIBITS TO JOINT MOTION TO DISMISS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

Pursuant to Civil Local Rules 7-11 and 79-5(d) and (e), plaintiffs Gentex Corporation ("Gentex") and Indigo Technologies, LLC ("Indigo") (collectively, "Plaintiffs") hereby move for an

order sealing certain portions of the Joint Motion to Dismiss ("Motion") and Exhibits A and B attached to the Motion.

Exhibit A to the Motion is a copy of the settlement agreement (the "Agreement") signed between Plaintiffs and defendants Meta Platforms, Inc. and Meta Platforms Technologies, LLC (collectively, "Defendants" or "Meta") on January 9, 2024. Exhibit B to the Motion is a copy of the term sheet (the "Term Sheet") signed between Plaintiffs, Defendants, and Involuntary Plaintiff Thales Visionix, Inc. ("Thales") on December 21, 2023.

When considering a motion to seal, the Court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (cleaned up). Where, as here, the motion is only tangentially related to the merits of the case, a "particularized showing" under the good cause standard of Rule 26(c) suffices to grant a motion to seal. *See id.* at 1099; *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *Exeltis USA Inc. v. First Databank, Inc.*, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020).[1] Courts routinely conclude that "'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies'" satisfy the good cause or compelling reasons standard for sealing. *Exeltis*, 2020 WL 2838812, at *1; *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017).

The Agreement and Term Sheet specifically outline confidential business information of Plaintiffs, including financial terms and details of confidential licensing negotiations. Harber Decl. ¶ 4. Similarly, the portions of the Motion that are highlighted in yellow discuss the terms of the Agreement and the Term Sheet. *Id.* ¶ 5. Each is a source of information that may harm the parties' "competitive standing" if disclosed publicly. *FTC v. Microsoft Corp.*, 2023 WL 5186252, at *1 (N.D. Cal. Aug. 11, 2023). Further, the Agreement and Term Sheet have no bearing on the "merits" of the case. The parties have provided these exhibits solely to explain that they have resolved all of the

---

[1] Even if the court were to apply a "compelling reasons" standard, *see Kamakana*, 447 F.3d 1172 at 1180, the parties have shown that there are compelling reasons to seal the Agreement and Term Sheet.

claims at issue. Given that the Agreement and Term Sheet contain confidential business information that does not bear on the merits of any claim in this action, the good cause for sealing outweighs the public's interest in access to judicial records. *See id.* Counsel for Plaintiffs have conferred with counsel for Thales and Defendants, and Thales and Defendants agree that the material in Exhibits A and B, and the portions of the Motion that reference that material, should be filed under seal.

Accordingly, Plaintiffs respectfully request that the Court seal Exhibits A and B to the Joint Motion to Dismiss and the portions of the Motion that reflect the contents of Exhibits A and B.

Dated: January 12, 2024

Respectfully submitted,

*/s/ Adam D. Harber*

Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
22-3892@cases.warrenlex.com
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
Tel: (415) 895-2940
Fax: (415) 895-2964

David I. Berl (*pro hac vice*)
Adam D. Harber (*pro hac vice*)
Elise M. Baumgarten (*pro hac vice*)
Melissa B. Collins (*pro hac vice*)
D. Shayon Ghosh (State Bar No. 313628)
Arthur John Argall III (*pro hac vice*)
Andrew G. Borrasso (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue S.W.
Washington, D.C., 20024
Tel: (202) 434-5000
Fax: (202) 434-5029

*Counsel for Plaintiffs Gentex Corporation and Indigo Technologies, LLC*