Meredith Martin Addy (pro hac vice)
**AddyHart P.C.**
10 Glenlake Parkway, Suite 130
Atlanta, Georgia 30328
312.320.4200
meredith@addyhart.com

Paul Tauger
**AddyHart P.C.**
5151 California Street, Suite 100
Irvine, California 92617
949.438.3218
paul@addyhart.com

Robert Hart (pro hac vice pending)
Brandon C. Helms (pro hac vice pending)
**AddyHart P.C.**
401 N. Michigan Ave., Suite 1200-1
Chicago, Illinois 60611
949.337.0568
312.731.6568
robert@addyhart.com
bhelms@addyhart.com

*Attorneys for Involuntary Plaintiff Thales Visionix, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GENTEX CORPORATION and INDIGO TECHNOLOGIES, LLC,<br><br>Plaintiffs,<br><br>THALES VISIONIX, INC.,<br><br>Involuntary Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC. and META PLATFORMS TECHNOLOGIES, LLC,<br><br>Defendants. | Case No. 4:22-cv-03892-YGR<br><br>**INVOLUNTARY PLAINTIFF THALES VISIONIX, INC.'S RESPONSE TO JOINT MOTION TO DISMISS**<br><br>**FILED UNDER SEAL**<br><br>**Date:** February 20, 2024<br>**Time:** 2:00 p.m.<br>**Location:** Courtroom 1, 4th Floor<br>**Judge:** Hon. Yvonne Gonzalez Rogers |

# Table of Contents

Table of Authorities ................................................................................................................ iii

Statement of the Issue ............................................................................................................. 1

Statement of Facts ................................................................................................................... 2

    A.    Relationship between Thales and Gentex ................................................. 2

    B.    Context Surrounding the Term Sheet ....................................................... 2

        1.    Thales Withdrew from the Term Sheet and is Not a Party to the Settlement Agreement .................................................................. 4

        2.    The Scope of the Gentex and Meta Settlement Agreement is Unclear ............................................................................................ 5

Argument ................................................................................................................................. 6

    A.    The Term Sheet is Not Binding ................................................................ 6

    B.    Even if Initially Binding, Thales Properly Rescinded the Term Sheet Due to Mistake or Fraud ............................................................................ 9

    C.    Even if Initially Binding, Thales Properly Rescinded the Term Sheet Because it is Unlawful ............................................................................ 10

Conclusion ............................................................................................................................. 12

# Table of Authorities

**Cases**

*Allscripts Healthcare, LLC v. Etransmedia Tech., Inc.*,
    448 F. Supp. 3d 898, 906 (N.D. Ill. 2019) ................................................................. 7, 8

*Brulotte v. Thys Co.*,
    379 U.S. 29 (1964) ..................................................................................................... 10, 11

*Cassel v. Superior Ct.*,
    51 Cal. 4th 113 (Cal. 2011) ........................................................................................... 8

*Cedar Fair, L.P. v. City of Santa Clara*,
    194 Cal. App. 4th 1150 (Cal. App. 2011) ..................................................................... 7

*Cortes v. LeClair*,
    No. 2:18-bk-20111, 2023 Bankr. LEXIS 1240,
    (Cal. C. Br. Ct. May 8, 2023) ........................................................................................ 8

*Donovan v. Rrl Corp.*,
    26 Cal. 4th 261 (Cal. 2001) ........................................................................................... 9

*Evans v. PlusOne Sports, LLC*,
    686 F. App'x 198 (4th Cir. 2017) .................................................................................. 7

*Facebook, Inc. v. Pac. Northwest Software, Inc.*,
    640 F.3d 1034 (9th Cir. 2011) ....................................................................................... 8

*Hamadah v. Sannoufi*,
    No. 17-00132, 2018 U.S. Dist. LEXIS 178155
    (C.D. Cal. Jan. 25, 2018) .......................................................................................... 10, 11

*McKinney Capital & Advisory Grp., LLC v. Silver Arch Capital Partners
    LLC*, No. 3:20-cv-00043, 2020 U.S. Dist. LEXIS 134418
    (S.D. Cal. July 29, 2020) .............................................................................................. 7

*Merced Cty. Mut. Fire Ins. Co. v. Cal.*,
    233 Cal. App. 3d 765 (Cal. 5th Dist. Ct. App. 1991) ..................................................... 9

*Miller v. City of Portland*,
    868 F.3d 846 (9th Cir. 2017) ......................................................................................... 8

*Rosenthal Collins Group, LLC v. Trading Tech. Int'l*,
    No. 05 C 4088, 2005 U.S. Dist. LEXIS 37504
    (N.D. Ill. Dec. 26, 2005) ............................................................................................... 10

*Tiedje v. Aluminum Taper Milling Co.*,
    46 Cal. 2d 450 (1956) ................................................................................................... 10

*U.S. Philips Corp. v. ITC*,
    424 F.3d 1179 (Fed. Cir. 2005)......................................................................................10

*Victoria v. Superior Court*,
    40 Cal. 3d 734 (1985)..................................................................................................8

**Statutes**

Cal. Civ. Code § 1441................................................................................................10, 11

Cal. Civ. Code § 1667......................................................................................................10

Cal. Civ. Code § 1689(b)(1) ..............................................................................................9

Cal. Civ. Code § 1689(b)(5) ............................................................................................10

TO ALL PARTIES AND COUNSEL OF RECORD:

Involuntary Plaintiff Thales Visionix, Inc. ("**Thales**") responds to the Joint Motion to Dismiss filed under seal by voluntary plaintiffs Gentex Corporation and Indigo Technologies, LLC (collectively, "**Gentex**") and by defendants Meta Platforms, Inc. and Meta Platforms Technologies, LLC (collectively, "**Meta**").  Thales does not oppose dismissal of this action, provided that the Court sets aside a rescinded **Term Sheet** (Exhibit B to the Joint Motion) as non-binding on Thales, or in the alternative, void.  Further, Thales responds to correct misstatements and inaccuracies in the Joint Motion.

As noted in the Joint Motion, Gentex and Meta entered into a settlement agreement ("**Settlement Agreement**").  (*See* Ex. A to the Joint Motion).  Thales is not a party to this Settlement Agreement.  (*See id.*).  Yet, the Settlement Agreement ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.  (*See id.* at §§ II.1, IV.1).  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.  Thus, when Thales rescinded the Term Sheet within one day of learning of earlier misrepresentations, (see Ex. 1, Dec. 22, 2023, Email from M. Addy to E. Turner & A. Harber), the rescission was proper and effective.  Accordingly, Thales seeks an order from the Court holding that the Term Sheet is not binding on Thales and is void.

In the alternative, even if the Term Sheet was binding upon signature, Thales believes the Term Sheet is void and unenforceable due to mistake and illegality, both of which provide independent reasons for rescinding and voiding the Term Sheet.  In summary, during this litigation in which Thales was an involuntary party, Thales has granted no rights to any party, including Meta.

**Statement of the Issue**

Whether the December 21, 2023 Term Sheet that Thales rescinded on December 22, 2023, may be relied upon by Gentex and Meta in the January 12, 2024 Settlement Agreement—to which Thales is not a party—to transfer Thales's patent rights to Meta when:  (1) the Term Sheet was not binding and the Term Sheet did not prohibit rescission, nor did the Term Sheet represent the complete agreement of the parties; (2) even if binding, Thales properly rescinded due to mistake or fraud, resulting in a failure of a meeting of the minds; or (3) even if binding, Thales properly rescinded because the Term Sheet is unlawful as promoting patent misuse.

**Statement of Facts**

    **A.**    **Relationship between Thales and Gentex**

█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
██████████████████████████████████
    ████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
███████
    ████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
██████████.

    **B.**    **Context Surrounding the Term Sheet**

    ████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████

---

[1]
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
████████████████████████████████

[Lines 1–22 redacted]

---

[2] To avoid being accused of violating any common interest privilege, Thales does not cite specific communications with Gentex's counsel here nor includes any written communications as exhibits. However, should the Court request them, Thales would be able to provide them.

1. **Thales Withdrew from the Term Sheet and is Not a Party to the Settlement Agreement**

[Redacted]

Third, Thales realized that the Term Sheet contained an illegal provision that could render Thales's licensed patents (including the patents asserted in this lawsuit) unenforceable due to patent misuse. Specifically, the "License Grant" clause of the Term Sheet granted a "perpetual" license to Meta. (*See id.* at 4). Because patents expire at the end of their twenty-year term and their associated rights also thus expire, license grant clauses that use the term "perpetual" are only enforceable when

(1) know-how; (2) trade secrets; (3) trademarks; or (4) or moral rights in copyrights are included in the license grant, because those intellectual property rights do not have a finite life like patents do. When the license grant clause only involves licensing patents, including the term "perpetual" in the grant clause signifies that the parties intend to have the patent rights extend beyond the patent term and effectively for an infinite period. This creates a cloud on the patents that are subject to the license grant, rendering the licensed patents unenforceable due to patent misuse.

Because of these fatal problems with the Term Sheet, on December 22, 2023, Thales's counsel participated in a phone call with counsel for Gentex and Meta during which Thales informed Gentex and Meta that it was withdrawing its signature from the Term Sheet.[3] Thales followed up the same day with written confirmation that it was withdrawing from the Term Sheet. (Ex. 1, Dec. 22, 2023 Email). ▉

Thales has not signed any settlement agreements with Meta, and it is not a party to the Settlement Agreement entered into by Gentex and Meta. (*See* Ex. A to the Joint Motion).

### 2. The Scope of the Gentex and Meta Settlement Agreement is Unclear

▉

---

[3] Because Thales rights were not being transferred, Thales was not involved in the settlement negotiations, and hence, this call was the first time Thales' counsel had participated in any settlement communications with Meta.

1 ████████████████████████████████████████
2 ████████████████████████████████████████
3 ████████████████████████████████████████
4 ████████████████████████████████████████
5 ████████████████████

6   Consequently, the Settlement Agreement conflicts with statements that Gentex and Meta made in the Joint Motion. For example, Gentex and Meta argue that the "validity of the Term Sheet [and] any impact it may have on Thales … are irrelevant to the claims and defenses in this action …." (Joint Motion at 2). Yet in the following paragraph, Gentex and Meta cite the Term Sheet (Exhibit B) as a basis for Meta receiving a "full release" and a "covenant not to sue," purportedly ███████████ ████████████████████████████████████████ Such expansive language hardly gives Thales comfort that Meta will not later argue that the dismissal of this action estops Thales from arguing in the future that it did not grant any rights to Meta.

**Argument**

As an involuntary plaintiff, Thales has no desire to maintain this litigation, especially when the actual litigants, Gentex and Meta, want to terminate. However, because Thales was excluded from settlement negotiations, was not informed that those negotiations allegedly involved more rights than Gentex had authority to negotiate, and was misled by Gentex as to the purported scope of the Term Sheet, Thales wants to be crystal clear that:

1. Through this litigation and any Term Sheet or Settlement Agreement entered into during the course of the litigation, Thales has not granted any rights to Meta or Gentex that they did not have before this litigation was filed;

2. That, by not objecting to the dismissal of this action, Thales is not releasing or waiving any future patent rights it has to enforce against Meta on the five patents in suit or the Patent Portfolio in the Business Field of Use.

    **A.**    **The Term Sheet is Not Binding**

An "agreement to agree" is not a binding contract, and a document that refers to the parties' future intent to "draw up a future, more formal contract is treated as 'strong evidence' that the parties

1  'did not intend the previous negotiations to amount to an agreement which is binding.'" *Evans v. PlusOne Sports, LLC*, 686 F. App'x 198, 202 (4th Cir. 2017); *see also McKinney Capital & Advisory Grp., LLC v. Silver Arch Capital Partners LLC*, No. 3:20-cv-00043, 2020 U.S. Dist. LEXIS 134418, at *3-6 (S.D. Cal. July 29, 2020) (provisions of Term Sheets can be binding when the Term Sheets explicitly state they are binding); *Cedar Fair, L.P. v. City of Santa Clara*, 194 Cal. App. 4th 1150, 1171 (Cal. App. 2011) (even detailed terms sheets are not binding if there is no clear intent for them to be binding). Similarly, Term Sheets are not binding when they fail to "incorporate all the material terms of a binding agreement" because of informal, imprecise, or provisional language. *Evans*, 686 F. App'x at 203.

[redacted] *See, e.g.*, *Allscripts Healthcare, LLC v. Etransmedia Tech., Inc.*, 448 F. Supp. 3d 898, 906 (N.D. Ill. 2019) ("[T]he absence of undisputedly material terms coupled with the express conditioning of some obligations on the execution of a future agreement are hallmarks of a document that is preliminary and non-binding.") (citation omitted).[4]

[redacted]

---

[4] Although contract interpretation is a question of state law—here California—most courts analyze the same factors when evaluating whether a term sheet is binding.

1 ████████████████████████████████████████
2 ████████████████████████████████████████
3 ████████████████████████████████████████
4 ████████████████████████████████████████
5 ████████████████████████████████████

6  Even accepting the ambiguity, the Term Sheet should be construed against the drafter, here Gentex and Meta, because Thales was only provided with the final version. *Miller v. City of Portland*, 868 F.3d 846, 851 (9th Cir. 2017) ("any ambiguities are construed against the drafter"); *Victoria v. Superior Court*, 40 Cal. 3d 734, 740, 747 (1985) (same).

10 ████████████████████████████████████████
11 ████████████████████████████████████████
12 ████████████████████████████████████████

13 ████ *See McKinney*, 2020 U.S. Dist. LEXIS 133418, at *4; *see also Cortes v. LeClair*, No. 2:18-bk-20111, 2023 Bankr. LEXIS 1240, at *6 (Cal. C. Br. Ct. May 8, 2023) (term sheet started with the words "This is a binding term sheet").[5] In fact, Meta should have learned that lesson back when it was known as Facebook and settled with the Winklevosses, explicitly stipulating that the term sheet was "binding." *Facebook, Inc. v. Pac. Northwest Software, Inc.*, 640 F.3d 1034, 1037 (9th Cir. 2011).

 Moreover, the Term Sheet here did not include all material provisions, because it did not specify ████████████████████████████████████████ The Term Sheet merely stated that ████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████ *See Allscripts*, 448 F. Supp. 3d at 906 (absence of material terms a strong factor against finding the term sheet binding).

---

[5] California's evidentiary rules also prohibit term sheets and settlement agreements from being admitted in court unless the agreements donts "*directly express* the parties' agreement to be bound by the document they sign." *Cassel v. Superior Ct.*, 51 Cal. 4th 113, 126 (Cal. 2011).

For these reasons, as in the *Evans* case, the Term Sheet was not binding when Thales signed it, and Thales's recission within twenty-four hours voided and canceled the Term Sheet.

### B. Even if Initially Binding, Thales Properly Rescinded the Term Sheet Due to Mistake or Fraud

Notwithstanding any potential finding by the Court that the Term Sheet was initially binding when Thales signed it, Thales's withdrawal from the Term Sheet a day later effectively rescinded it. Under the California Civil Code, a "party to a contract may rescind the contract" if "the **consent** of the party rescinding … **was given by mistake**, or obtained through … fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or any other party to the contract jointly interested with such party." Cal. Civ. Code § 1689(b)(1) (emphasis added). The California Supreme Court has held that contracts can be rescinded when "the other party knew of the mistake or caused the mistake" or when "the effect of the mistake is such that enforcement of the contract would be unconscionable." *Donovan v. Rrl Corp.*, 26 Cal. 4th 261, 281 (Cal. 2001); *see also Merced Cty. Mut. Fire Ins. Co. v. Cal.*, 233 Cal. App. 3d 765, 772 (Cal. 5th Dist. Ct. App. 1991) ("rescission is available for a unilateral mistake when the unilateral mistake is known to the other contracting party and is encouraged or fostered by that party").

[redacted] And within a day of signing the Term Sheet, when Thales became aware that the Term Sheet could be interpreted to include a grant of Thales's rights to Meta, Thales withdrew from the Term Sheet.

These facts evidence a lack of a meeting of the minds, and a mistake on Thales's part as to the scope of the Term Sheet. A mistake caused by [redacted] In addition, Thales withdrew within a day, well before Gentex and Meta could detrimentally rely on Thales's signature or otherwise be prejudiced.

Furthermore, enforcing the Term Sheet against Thales would be unconscionable. If the Court were to agree with Meta's and Gentex's interpretations that the Term Sheet is enforceable and that the ▮▮▮▮▮ That Thales would give up those rights for no compensation in return is unfathomable, and thus enforcing the Term Sheet against Thales would be unconscionable.

C.  **Even if Initially Binding, Thales Properly Rescinded the Term Sheet Because it is Unlawful**

An independent basis to hold the Term Sheet void, even if the Court finds that it was initially binding, exists because "the contract is unlawful for causes which do not appear in its terms or conditions, and the parties are not equally at fault." Cal. Civ. Code § 1689(b)(5); Cal. Civ. Code § 1667; Cal. Civ. Code § 1441. Under California law, a contract "made contrary to public policy or against the express mandate of a statute may not serve as the foundation of any action …." *Hamadah v. Sannoufi*, No. 17-00132, 2018 U.S. Dist. LEXIS 178155, at *11 (C.D. Cal. Jan. 25, 2018) (quoting *Tiedje v. Aluminum Taper Milling Co.*, 46 Cal. 2d 450, 453-54 (1956)).

The U.S. Supreme Court has held "that a patentee's use of a royalty agreement that projects beyond the expiration date of the patent is unlawful *per se*." *Brulotte v. Thys Co.*, 379 U.S. 29, 32 (1964). This unlawful use has come to be known as patent misuse, which is an equitable defense to patent infringement. *U.S. Philips Corp. v. ITC*, 424 F.3d 1179, 1184 (Fed. Cir. 2005); *see also Rosenthal Collins Group, LLC v. Trading Tech. Int'l*, No. 05 C 4088, 2005 U.S. Dist. LEXIS 37504, at *26 (N.D. Ill. Dec. 26, 2005) (quoting *Brulotte*).

Here, the Term Sheet specifies that the License Grant is "perpetual." (Ex. B to the Joint Motion at 3). Just as specific terms mean something in patent claims, words such as "perpetual" that are

---

[6] As defined in the 2012 License Agreement.

included in license grant clauses must be given weight.[7]  Terms such as "exclusive," "worldwide," "irrevocable," and "perpetual" are not included in the license grant clause just for gratuitous purposes. This means that on its face, the Term Sheet purports to be a royalty agreement that "projects beyond the expiration date of the patent[s]," which conflicts with the public policy that the Supreme Court set forth in *Brulotte*.  California Civil Code section 1441 states that a "condition in a contract, the fulfillment of which is … unlawful … is void"; likewise § 1608 states that if "any part of a single consideration for one or more objects … is unlawful, the entire contract is void."  As a result, the Term Sheet is unlawful.  *Hamadah*, 2018 U.S. Dist. LEXIS at *11.

If, as Meta and Gentex are likely to argue, everyone knows that it is per se unlawful for royalties to be paid for expired patents and that was not the intent of the parties, then why was the term "perpetual" included in the license grant?  In *Brulotte*, the patent owner licensed the patented machines to farmers in exchange for royalties on the harvested crops using the machines.  The royalties provision applied to harvests not just during the patent term but extending beyond.  The Court in *Brulotte* held the agreement "unlawful per se" to the extent it provided for royalties accruing after the expiration of the last patents encompassing the machines.  379 U.S. at 31-33.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Because the scope of the Term Sheet was unclear, and "perpetual" patent licenses are illegal per se, Thales rescinded its agreement.[8]

Gentex and Meta simply cannot backdoor Thales's rights into a Settlement Agreement to which Thales is not a party merely by referencing a Term Sheet that Thales rescinded.

---

[7] Had the Term Sheet included hybrid patent rights where a licensed patent is coupled with know-how, trade secrets, trademarks, or moral rights in copyrights, then the term "perpetual" would not be at issue because these four intellectual property rights are not statutorily limited by a specific time period.

[8] Of note, after Thales notified Gentex and Meta of the "perpetual" problem, the Settlement Agreement corrected that issue, representing another substantial change between the Term Sheet and the Settlement Agreement, which provides additional evidence that the Term Sheet is not binding.  *See Evans*, 686 F. App'x at 203.

**Conclusion**

For the foregoing reasons, Involuntary Plaintiff Thales Visionix, Inc. responds to correct misstatements in the Joint Motion to Dismiss, but it does not oppose dismissal of this action, provided that the Court holds that the rescinded Term Sheet is not binding on Thales or is void. In the alternative, any dismissal as to Involuntary Plaintiff Thales Visionix, Inc. should be <u>without prejudice</u> so that it can later seek a judicial finding that it has not granted rights to Meta under the rescinded Term Sheet or under the Settlement Agreement to which Thales is not a party.

Dated: January 26, 2024

Respectfully submitted,

/s/ *Paul Tauger*

Paul Tauger
**ADDYHART P.C.**
5151 California Street, Suite 100
Irvine, California 92617
949.438.3218
paul@addyhart.com

Meredith Martin Addy (pro hac vice)
**ADDYHART P.C.**
10 Glenlake Parkway, Suite 130
Atlanta, Georgia 30328
312.320.4200
meredith@addyhart.com

Robert Hart (pro hac vice pending)
Brandon C. Helms (pro hac vice pending)
**ADDYHART P.C.**
401 N. Michigan Ave., Suite 1200-1
Chicago, Illinois 60611
949.337.0568
312.731.6568
robert@addyhart.com
bhelms@addyhart.com

*Counsel for Involuntary Plaintiff Thales Visionix, Inc.*

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated: January 26, 2024                               /s/ *Paul Tauger*
                                                                          Paul Tauger