Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
22-3892@cases.warrenkashwarren.com
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
Tel: (415) 895-2940
Fax: (415) 895-2964

David I. Berl (*pro hac vice*)
Adam D. Harber (*pro hac vice*)
Elise M. Baumgarten (*pro hac vice*)
Melissa B. Collins (*pro hac vice*)
D. Shayon Ghosh (State Bar No. 313628)
Arthur John Argall III (*pro hac vice*)
Andrew G. Borrasso (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue S.W.
Washington, D.C., 20024
Tel: (202) 434-5000
Fax: (202) 434-5029

*Counsel for Plaintiffs Gentex Corporation
and Indigo Technologies, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| GENTEX CORPORATION and INDIGO TECHNOLOGIES, LLC,<br><br>Plaintiffs,<br><br>THALES VISIONIX, INC.,<br><br>Involuntary Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC. and META PLATFORMS TECHNOLOGIES, LLC,<br><br>Defendants. | Case No. 4:22-cv-03892-YGR<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF AND EXHIBIT TO REPLY IN SUPPORT OF JOINT MOTION TO DISMISS**<br><br>Judge:   Hon. Yvonne Gonzalez Rogers |

Pursuant to Civil Local Rules 7-11 and 79-5(d) and (e), plaintiffs Gentex Corporation ("Gentex") and Indigo Technologies, LLC ("Indigo") (collectively, "Plaintiffs") hereby move for an order sealing certain portions of and Exhibit D to the Reply in Support of the Motion to Dismiss

("Reply") filed by Plaintiffs and defendants Meta Platforms, Inc. and Meta Platforms Technologies, LLC (collectively, "Meta").

When considering a motion to seal, the Court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (cleaned up). Where, as here, the motion is only tangentially related to the merits of the case, a "particularized showing" under the good cause standard of Rule 26(c) suffices to grant a motion to seal. *See id.* at 1099; *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *Exeltis USA Inc. v. First Databank, Inc.*, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020).[1] Courts routinely conclude that "'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies'" satisfy the good cause or compelling reasons standard for sealing. *Exeltis*, 2020 WL 2838812, at *1; *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017).

Portions of the Reply reference Exhibits A and B to Plaintiffs' and Meta's Joint Motion to Dismiss ("Motion"), Dkt. No. 137-3. Exhibit A to the Motion is a copy of the settlement agreement (the "Agreement") signed between Plaintiffs and Meta on January 9, 2024. Dkt. No. 137-4. Exhibit B to the Motion is a copy of the term sheet (the "Term Sheet") signed between Plaintiffs, Meta, and Involuntary Plaintiff Thales Visionix, Inc. ("Thales") on December 21, 2023. Dkt. No. 137-5. Plaintiffs previously moved to maintain Exhibits A and B under seal. Dkt. No. 137. Meta and Thales filed declarations agreeing that these exhibits also reflect their confidential business information. Dkt. No. 140; Dkt. No. 145-1.

As explained in Plaintiffs' prior motion to seal, the Agreement and Term Sheet reflect sensitive business information of Plaintiffs. Dkt. No. 137 at 2–3. Portions of the Reply[2] quote from and/or

---

[1] Even if the court were to apply a "compelling reasons" standard, *see Kamakana*, 447 F.3d 1172 at 1180, the parties have shown that there are compelling reasons to seal the Agreement and Term Sheet.

[2] These portions include: page 2, lines 24-27; page 3, lines 5-6; page 5, line 27; page 6, lines 19-24; page 7, lines 1-5, 12-13; page 7, lines 25-27; page 8, lines 6-7, 26-28; page 9, lines 6-7, 10, 14, 26-27; page 10, line 6; and page 11, lines 19-21.

discuss the confidential terms of the Agreement and the Term Sheet, and therefore similarly reflect Plaintiffs' sensitive business information.  Harber Decl. ¶ 3.  Exhibit D to the Reply also discusses the confidential terms of the Term Sheet, as do the portions of the Reply[3] that cite to or quote from Exhibit D.  Harber Decl. ¶ 4.  Exhibit D and the portions of the Reply that refer to it also reflect Plaintiffs' sensitive business information.  *Id.*  Other portions of the Reply[4] discuss the details of confidential licensing negotiations between Plaintiffs, Thales, and Meta.  Harber Decl. ¶ 5.  These portions of the Reply are highlighted in yellow.

Each is a source of information that may harm the parties' "competitive standing" if disclosed publicly.  *FTC v. Microsoft Corp.*, 2023 WL 5186252, at *1 (N.D. Cal. Aug. 11, 2023).  Further, the Agreement and Term Sheet, and the details about their negotiations, have no bearing on the "merits" of the case.  The parties have provided this information solely to explain that they have resolved all of the claims at issue.  Given that this confidential business information that does not bear on the merits of any claim in this action, the good cause for sealing outweighs the public's interest in access to judicial records.  *See id.*

Accordingly, Plaintiffs respectfully request that the Court seal the portions of the Reply highlighted in yellow, and Exhibit D to the Reply.

Dated: February 7, 2024

Respectfully submitted,

Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
22-3892@cases.warrenlex.com
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
Tel: (415) 895-2940
Fax: (415) 895-2964

David I. Berl (*pro hac vice*)
Adam D. Harber (*pro hac vice*)
Elise M. Baumgarten (*pro hac vice*)

---

[3] These portions include:  page 2, line 3; page 7, line 21; page 10, line 22; and page 12, lines 27-28.

[4] These portions include:  page 7, lines 12-14; page 8, lines 27-28; page 11, lines 1-18, 22-25; page 12, lines 1-6, 12-13; and page 13, line 11.

|   |   |
|---|---|
| 1 | Melissa B. Collins (*pro hac vice*) |
| 2 | D. Shayon Ghosh (State Bar No. 313628)<br>Arthur John Argall III (*pro hac vice*) |
| 3 | Andrew G. Borrasso (*pro hac vice*)<br>WILLIAMS & CONNOLLY LLP |
| 4 | 680 Maine Avenue S.W.<br>Washington, D.C., 20024 |
| 5 | Tel: (202) 434-5000<br>Fax: (202) 434-5029 |
| 6 | *Counsel for Plaintiffs Gentex Corporation* |
| 7 | *and Indigo Technologies, LLC* |