Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
22-3892@cases.warrenkashwarren.com
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
Tel: (415) 895-2940
Fax: (415) 895-2964

David I. Berl (*pro hac vice*)
Adam D. Harber (*pro hac vice*)
Elise M. Baumgarten (*pro hac vice*)
Melissa B. Collins (*pro hac vice*)
D. Shayon Ghosh (State Bar No. 313628)
Arthur John Argall III (*pro hac vice*)
Andrew G. Borrasso (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue S.W.
Washington, D.C., 20024
Tel: (202) 434-5000
Fax: (202) 434-5029

*Counsel for Voluntary Plaintiffs Gentex Corporation and Indigo Technologies, LLC*

Ellisen Shelton Turner (SBN #224842)
Joshua Glucoft (SBN #301249)
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Tel: (310) 552-4200
Fax: (310) 552-5900
ellisen.turner@kirkland.com
josh.glucoft@kirkland.com

Akshay S. Deoras (SBN #301962)
Yan-Xin Li (SBN #332329)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Tel: (415) 439-1400
Fax: (415) 439-1500
akshay.deoras@kirkland.com
yanxin.li@kirkland.com

Jeanne M. Heffernan (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
Tel: (512) 678-9100
Fax: (512) 678-9101
jheffernan@kirkland.com

*Counsel for Defendants Meta Platforms, Inc. and Meta Platforms Technologies, LLC*

*[Additional counsel listed on signature page]*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

GENTEX CORPORATION and INDIGO TECHNOLOGIES, LLC,

Plaintiffs,

THALES VISIONIX, INC.,

Involuntary Plaintiff,

v.

META PLATFORMS, INC. and META PLATFORMS TECHNOLOGIES, LLC,

Defendants.

Case No. 4:22-cv-03892-YGR

**REPLY IN SUPPORT OF JOINT MOTION TO DISMISS**

**REDACTED**

# TABLE OF CONTENTS

**I. INTRODUCTION .......... 1**

**II. BACKGROUND .......... 2**

**III. DISMISSAL WITH PREJUDICE IS APPROPRIATE .......... 3**

A. There Is No Basis To Continue This Litigation .......... 3

B. Thales's Request for Relief Is Procedurally Improper .......... 4

C. There Is No Basis To Void or Rescind the 2023 Term Sheet .......... 5

1. *The 2023 Term Sheet Is a Binding Agreement* .......... 5

2. *The 2023 Term Sheet Should Not Be Rescinded for Mistake of Fact or Fraud* .......... 10

**IV. CONCLUSION .......... 14**

# TABLE OF AUTHORITIES

## CASES

*Adair v. Stockton Unified School Dist.*, 162 Cal. App. 4th 1436 (2008) .......... 10

*Blix St. Recs., Inc. v. Cassidy*, 191 Cal. App. 4th 39 (2010) .......... 7

*Buckhorn v. Hettinger*, No. 15-cv-04352-TSH, 2021 WL 3861436 (N.D. Cal. Aug. 30, 2021) .......... 6

*Cal-Murphy, LLC v. MG Rests., Inc.*, No. A136198, 2014 WL 1695300 (Cal. Ct. App. Apr. 30, 2014) (unpublished) .......... 13

*Casey v. Proctor*, 59 Cal. 2d 97 (1963) .......... 13

*Donovan v. RRL Corp.*, 26 Cal. 4th 261 (2001) .......... 12

*Douglas v. U.S. District Court for C.D. Cal.*, 495 F.3d 1062 (9th Cir. 2007) .......... 13

*Estate of Eskra*, 78 Cal. App. 5th 209 (2022) .......... 13

*Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034 (9th Cir. 2011) .......... 8

*Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-cv-03999-BLF, 2015 WL 3630000 (N.D. Cal. June 2, 2015) .......... 4

*Hedging Concepts, Inc. v. First Alliance Mortgage Co.*, 41 Cal App. 4th 1410 (Cal. Ct. App. 1996) .......... 12

*In re Marriage of Hill & Dittmer*, 202 Cal. App. 4th 1046 (2011) .......... 13

*Int'l Bhd. of Teamsters v. NASA Servs., Inc.*, 957 F.3d 1038 (9th Cir. 2020) .......... 7

*Jacobs v. Nintendo of Am.*, 370 F.3d 1097 (Fed. Cir. 2004) .......... 9

*Molon Motor & Coil Corp. v. Nidec Motor Corp.*, 946 F.3d 1354 (Fed. Cir. 2020) .......... 9

*Monster Energy Co. v. Schechter*,
7 Cal. 5th 781 (2019) ....................5

*Niazi Licensing Corp. v. St. Jude Medical S.C., Inc.*,
No. 0:17-cv-05096-WMW-DJF, 2024 WL 195574 (D. Minn. Jan. 18, 2024)....................7

*Pereyra v. Guaranteed Rate, Inc.*,
No. 18-cv-06669-EMC, 2019 WL 2716519 (N.D. Cal. June 28, 2019)....................10

*Rodriguez v. Oto*,
212 Cal. App. 4th 1020 (2013) ....................6

*Smith v. Premiere Valet Services, Inc.*,
No. 2:19-cv-09888-CJC-MAA, 2020 WL 7034346 (C.D. Cal. Aug. 4, 2020) ....................4

*Thomason v. GC Servs. L.P.*,
No. 05cv0940-LAB (CAB), 2007 WL 9770702 (S.D. Cal. July 16, 2007) ....................4

*VLSI Tech. LLC v. Intel Corp.*,
87 F.4th 1332 (Fed. Cir. 2023) ....................9

**STATUTES AND RULES**

Cal. Civ. Code § 1441....................8

Cal. Civ. Code § 1550....................5

Cal. Civ. Code § 1577....................12

Cal. Civ. Code § 1608....................8

**OTHER AUTHORITIES**

Restatement (2nd) Contracts § 157, cmt. B (1981) ....................13

## I. INTRODUCTION

Involuntary plaintiff Thales does not dispute that it has no claims in this case. Indeed, Thales declares that it "has no desire to maintain this litigation, especially when the actual litigants, Gentex and Meta, want to terminate." Dkt. No. 145-3 ("Resp.") at 6. These facts alone are sufficient for the Court to grant this Joint Motion and dismiss the case with prejudice.

As Gentex and Meta (collectively, the "Moving Parties") noted in their Joint Motion to Dismiss, the basis for dismissal with prejudice is the release and covenant not to sue that Gentex granted to Meta in the 2024 Settlement Agreement between Gentex and Meta. *See* Dkt. No. 137-3 ("Mot.") at 1. Although Thales was not a party to the 2024 Settlement Agreement, that agreement is nonetheless sufficient to deprive this Court of jurisdiction over any continuing litigation because the only claims in this case were those raised by Gentex, and the 2024 Settlement Agreement between Gentex and Meta fully resolved all of those claims.

Thales's Response raises a host of issues about the separate, 2023 Term Sheet that Thales signed along with the Moving Parties, but the enforceability of that 2023 Term Sheet is a side issue that has no bearing on the Joint Motion to Dismiss. Thales's Response improperly raises the enforceability of this contract by phrasing the "Statement of the Issue" as follows: "Whether the [] 2023 Term Sheet . . . may be relied upon by Gentex and Meta in the [] 2024 Settlement Agreement—to which Thales is not a party—to transfer Thales's patent rights to Meta . . . ." *See* Resp. at 1. As noted above, however, the Joint Motion to Dismiss may be granted based solely on the release and covenant not to sue by ***Gentex*** in the 2024 Settlement Agreement, not on any assignment of patent rights by ***Thales*** in any agreement. The 2023 Term Sheet is thus ***not*** relied upon by Gentex and Meta for any purpose related to the Joint Motion to Dismiss. Thales's request that the Court delve into the enforceability of the 2023 Term Sheet is therefore a procedurally and substantively improper request for the Court to issue an advisory opinion—without a complete factual record—about the 2023 Term Sheet, which is not properly part of this case and has no bearing on dismissal.

If the Court were, however, inclined to analyze the 2023 Term Sheet (notwithstanding that the result of any such analysis would have no bearing on whether this case should be dismissed), Thales misstates and omits critical facts regarding the 2023 Term Sheet's formation. Even under its

inaccurate telling: (1) Thales does not deny that Thalesôs Chief Operating Officer signed the 2023 Term Sheet ; (2) Thales admits that the 2023 Term Sheet ; (3) ; and (4) after the 2023 Term Sheet was executed, Meta . There is no legal doctrine that allows Thales to ñtake backò its signature on the binding 2023 Term Sheet. But again, the Court need not reach any issue related to the 2023 Term Sheet in order to grant the Joint Motion and dismiss this case with prejudice.

## II. BACKGROUND

In 2012, Thales licensed to Gentex certain patent rights with exclusivity in certain fields of use. *See* Dkt. No. 137-4 at 9ï 36 (the ñ2012 License Agreementò). Those licensed patents included all of the patents at issue in this litigation, and the fields of use licensed exclusively to Gentex included entertainment and gaming, which are the only relevant fields of use alleged to be applicable to Metaôs accused Oculus products in this case. *See id.* at 24, 27.

In 2023, Gentex, Meta, and Thales signed a binding Term Sheet that, among other things, . *See* Ex. B, Dkt. No. 137-5. After signing the 2023 Term Sheet, Thales .

In 2024, Gentex and Meta (but not Thales due to its refusal) entered into a longer Settlement Agreement. *See* Ex. A, Dkt. No. 137-4, at 2ï 6. That 2024 Settlement Agreement attached the 2023 Term Sheet as an exhibit because the 2023 Term Sheet expressly contemplated that . *See id.* at 2; Ex. B, Dkt. No. 137-5, at 1. The 2024 Settlement Agreement (*see* Ex. A, Dkt. No. 137-4, at 6); in other words, the relevant portions of the 2024 Term Sheet (the release and covenant not to sue by Gentex to

Meta) are expressly binding and effective ***regardless of anything that may happen to the separate 2023 Term Sheet***. Thus, the enforceability of the 2023 Term Sheet could not affect in any way the release and covenant not to sue that Gentex granted to Meta in the 2024 Settlement Agreement, which resolves all of the claims in this case. *See* Ex. A, Dkt. No. 137-4, at 6 (§IV.10 of the 2024 Settlement Agreement [REDACTED] [REDACTED]).

## III. DISMISSAL WITH PREJUDICE IS APPROPRIATE

### A. There Is No Basis To Continue This Litigation

Thales's responsive brief reflects that the facts pertinent to dismissal with prejudice are wholly undisputed. Gentex, which brought all of the claims in this case, moves to dismiss all of its claims with prejudice. *See* Mot. at 1, 3. Meta, the defendant for each of those claims, joins the motion. *Id.* The basis of Gentex's and Meta's Joint Motion is the release and covenant not to sue by Gentex to Meta in the 2024 Settlement Agreement, and that release and covenant not to sue stand separate from the 2023 Term Sheet and apply no matter what happens to the 2023 Term Sheet. *See* Ex. A, Dkt. No. 137-4, at 6. The Court should end its inquiry there and grant the Joint Motion to Dismiss.

Thales has no claims in this matter[1] and, thus, has no basis to oppose dismissal. Thales does not—and cannot—dispute that the 2024 Settlement Agreement between Gentex and Meta grants Meta a release and a covenant not to sue with respect to all claims in this case, which are all Gentex's claims. That release and covenant divests the Court of subject-matter jurisdiction over all claims. *See* Mot. at 2 (citing *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2016)); Ex. A, Dkt. No. 137-4, at II.1, II.2, IV.10. Since there are no other claims in the case, the Court has nothing further to do but dismiss it with prejudice.

Thales's desire to hold dismissal hostage in order to obtain an advisory ruling on an issue that is not properly before the Court regarding the 2023 Term Sheet is improper. The status of that 2023 Term Sheet simply has no bearing on the Joint Motion to Dismiss. Gentex had all of the rights relevant

---

[1] Thales expressly denied in its interrogatory responses that it sought relief of any kind from Meta. *See* Ex. C, Dkt. No. 138-3, at 20, 24, 27.

to the claims in this case (which is why only Gentex asserted any claims), Gentex released them all in the 2024 Settlement Agreement with Meta, and that release is not contingent on the 2023 Term Sheet. *See* Ex. A, Dkt. No. 137-4; Mot. at 2. Therefore, Gentex's release and covenant not to sue in the 2024 Settlement Agreement with respect to the rights that Gentex undisputedly had are sufficient to resolve all claims presently before the Court and to require dismissing those claims with prejudice

**B. Thales's Request for Relief Is Procedurally Improper**

Thales does not oppose dismissal of this action "provided that the Court holds that the rescinded [2023] Term Sheet is not binding on Thales or is void." *See* Resp at 12. As discussed above, the 2023 Term Sheet's enforceability has no bearing on any claim or defense in this case, so the issue is not properly before the Court, and regardless, the Court does not need to resolve this question in order to rule on the Joint motion. In addition, Thales's request for relief is also procedurally improper for the following two reasons.

***First***, Thales made its improper request for relief for the first time in an opposition brief. "[A] request for affirmative relief is not proper when raised for the first time in an opposition." *See Smith v. Premiere Valet Services, Inc.*, No. 2:19-cv-09888-CJC-MAA, 2020 WL 7034346, at *14 (C.D. Cal. Aug. 4, 2020); *see, e.g.*, *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-cv-03999-BLF, 2015 WL 3630000, at *13 n.8 (N.D. Cal. June 2, 2015) (refusing "a request for relief [because it is not] properly presented in an opposition brief"); *Thomason v. GC Servs. L.P.*, No. 05cv0940-LAB (CAB), 2007 WL 9770702, at *6 (S.D. Cal. July 16, 2007) ("[T]he court rejects any discovery-related or other requests for affirmative relief Plaintiffs attempt to piggy-back on their Opposition as inappropriate, untimely, and obfuscating."). Observing this procedural requirement is an important due process safeguard at least because the Moving Parties have had no opportunity to take discovery from Thales to test the factual assertions underpinning Thales's request.

***Second***, Thales's opposition is effectively a motion for summary judgment regarding a contract question that does not comply with Paragraph 9 of this Court's Standing Order In Civil Cases. Paragraph 9 sets forth this Court's rules for how summary judgment motions must proceed, but Thales did not follow any of them. For example, Paragraph 9.c.1 requires that Thales file a Supporting Separate Statement that lists the allegedly undisputed material facts and supporting evidence alongside

the other party's response and supporting evidence, which Thales did not do. Paragraph 9.d requires that Thales provide citations to the evidentiary record, which again Thales did not do—and which it could not do because there is no such factual record because that issue has nothing to do with the claims in this case. *See, e.g.*, Resp. at 3 n.2 ("Thales does not cite specific communications with Gentex's counsel here nor includes any written communications as exhibits."). At every step, Thales has flouted this Court's rules requiring an orderly approach to summary judgment. This Court should refuse to entertain Thales's summary judgment motion-in-disguise.

**C. There Is No Basis To Void or Rescind the 2023 Term Sheet**

As noted above, the 2024 Settlement Agreement between Gentex and Meta fully resolves all claims at issue in this lawsuit and, thus, is alone sufficient to dismiss this action with prejudice. Under these circumstances, the Moving Parties object to the Court issuing any advisory opinion interpreting the 2023 Term Sheet or addressing its enforceability against Thales based on Thales's improper request for such relief in its opposition brief. But to the extent the Court is inclined to reach that contractual dispute, the 2023 Term Sheet should not be deemed void or rescinded for the reasons discussed below.

1. *The 2023 Term Sheet Is a Binding Agreement*

The 2023 Term Sheet provides on its face all of the elements of an enforceable agreement[2]: **(1)** parties capable of contracting; **(2)** consent; **(3)** a lawful object; and **(4)** consideration. *See* Cal. Civ. Code § 1550[3]:

**(1)** There is no dispute that Gentex, Meta, and Thales are all validly incorporated companies and thus competent parties capable of contracting.

**(2)** Duly authorized representatives of Gentex, Meta, and Thales each signed the 2023 Term Sheet, thus demonstrating the consent of each party. *See* Ex. B, Dkt. No. 137-5, at 5–6;

[2] As a settlement agreement, the 2023 Term Sheet is subject to the same legal principles as contracts generally. *See Monster Energy Co. v. Schechter*, 7 Cal. 5th 781, 789 (2019).

[3] The 2023 Term Sheet expressly states that [REDACTED] California law (*see* Ex. B, Dkt. No. 137-5, at 5), and Thales agrees that California law applies (*see* Resp. at 7 n.4).

*Rodriguez v. Oto*, 212 Cal. App. 4th 1020, 1027 (2013) ("[A] signature on a written contract is an objective manifestation of assent to the terms set forth there.").

**(3)** An agreement to settle litigation and grant patent rights in exchange for money is a lawful object for an agreement. *See, e.g.*, *Buckhorn v. Hettinger*, No. 15-cv-04352-TSH, 2021 WL 3861436, at *6 (N.D. Cal. Aug. 30, 2021) ("The object of the settlement is lawful as it requires Hettinger to make a settlement payment and agree to various non-monetary terms in exchange for Plaintiff's release of their claims against him."). As discussed further below, the 2023 Term Sheet is not unlawful, contrary to Thales's contention that it constitutes an unlawful patent misuse.

**(4)** Each party received valuable consideration under the 2023 Term Sheet. For its part, Thales received [REDACTED]. *See* Ex. B, Dkt. No. 137-5, at 4 [REDACTED]).[4]

Thales raises four arguments as to why the 2023 Term Sheet does not satisfy the elements of a binding, enforceable agreement, but all of those arguments are meritless.

***First***, the 2023 Term Sheet is a binding agreement, not merely an "agreement to agree" as Thales contends. As background, the Term Sheet provides:

[4] Thales argues that the Term Sheet is "unconscionable" because it received "no consideration in return" for granting a license to its patents, but that is simply false, as discussed herein. *See* Resp. at 10.

*See* Ex. B, Dkt. No. 137-5, at 1. The 2023 Term Sheet [REDACTED] [REDACTED]. *See id.* To the extent there was any doubt that the 2023 Term Sheet was binding, the Term Sheet later reiterates that [REDACTED] [REDACTED] *See id.* at 5. The fact that Meta, Gentex, and Thales did not [REDACTED] [REDACTED] does not imply that the 2023 Term Sheet was not binding to begin with. *See Blix St. Recs., Inc. v. Cassidy*, 191 Cal. App. 4th 39, 48 (2010) ("When parties intend that an agreement be binding, the fact that a more formal agreement must be prepared and executed does not alter the validity of the agreement."); *see also Niazi Licensing Corp. v. St. Jude Medical S.C., Inc.*, No. 0:17-cv-05096-WMW-DJF, 2024 WL 195574, at *4 (D. Minn. Jan. 18, 2024) ("[T]he parties' disputes that arose later while drafting the formal settlement document do not undermine the binding nature of the settlement agreement reflected in [the earlier] email."). But even if it did imply that the 2023 Term Sheet was not initially binding, [REDACTED] [REDACTED] [REDACTED] the 2023 Term Sheet then became binding to the extent it was not binding already (which it was).

***Second***, Thales argues that there is an ambiguity in the 2023 Term Sheet as to whether it was binding on execution and that such ambiguity should be construed against the drafter, but Thales does not identify any specific language that is ambiguous, instead inviting the Court to "strain to create an ambiguity where none exists . . . simply because the parties urge different interpretations." *See Int'l Bhd. of Teamsters v. NASA Servs., Inc.*, 957 F.3d 1038, 1044 (9th Cir. 2020). In fact, Thales has admitted that [REDACTED] *See* Ex. D. Moreover, there is no record of Thales ever [REDACTED] [REDACTED] [REDACTED].

***Third***, Thales argues that the 2023 Term Sheet omits a material provision about [REDACTED] [REDACTED], but how [REDACTED] [REDACTED] is not the kind of material term that prevents contract formation, even if the Court were to determine that that term is "an important term that affects the value of the bargain." *See*

*Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1037–38 (9th Cir. 2011).[5] Indeed, Thales cites no cases holding invalid a contract with that type of alleged omission. *See* Resp. at 8. That is because, in order for contract formation to fail, the omitted term must make the contract not "sufficiently definite for a court to determine whether a breach has occurred, order specific performance or award damages," and the allegedly missing term in this situation does not rise to that level. *See id.* This Court could readily determine whether [REDACTED] [REDACTED], and if [REDACTED], then award an appropriate amount of damages. *See id.* This Court therefore has all of the information it needs to assess performance and to remedy any failure in performance, such that the allegedly missing term is not the type of omission that is fatal to contract formation.

***Fourth***, Thales argues that part of the 2023 Term Sheet has an unlawful object, specifically patent misuse, but this theory is baseless. In a nutshell, Thales asserts that the Term Sheet's "perpetual" license of certain patents from Thales to Meta automatically leads to patent misuse, which in turn is contrary to public policy and therefore renders the entire Term Sheet void under California Civil Code Sections 1441 and 1608. *See* Resp. at 10–11. Thales cites no authority for its novel theory that contorts the patent misuse doctrine beyond recognition to apply to this fact pattern, and there are at least three gaping legal and factual flaws in Thales's logic:

**(i)** As Thales admits, patent misuse "is an equitable defense to patent infringement," which does not apply to this situation. *See* Resp. at 10 (quoting *U.S. Philips Corp. v. ITC*, 424 F.3d 1179, 1184 (Fed. Cir. 2005)). Thales, which owns the patents, is not defending against any claims of patent infringement, rendering the notion of patent misuse facially inapplicable. Moreover, as noted above, the doctrine is an equitable defense that is supposed to protect accused infringers from overpaying for expired patents, so it makes no sense for Thales (the patent owner) to be equitably protected from Meta (the accused patent infringer). Applying

---

[5] Thales's argument that there is some supposed ambiguity about [REDACTED] [REDACTED] is also in stark contrast to Thales's repeated communications with counsel for Meta and Gentex indicating that [REDACTED].

the patent misuse doctrine to protect Thales (the patent owner) would be an unprecedented inversion of the doctrine for which Thales cites zero authority.

**(ii)** The patent misuse doctrine holds that "a patentee's use of a royalty agreement that projects beyond the expiration date of the patent is unlawful," but, as Thales also admits, the 2023 Term Sheet does not [REDACTED]. *See* Resp. at 10 (quoting *Brulotte v. Thys Co.*, 379 U.S. 29, 32 (1964)). Instead, the Term Sheet requires [REDACTED]. *See* Ex. B, Dkt. No. 137-5, at 4 [REDACTED]. Thales appears to argue that because the Term Sheet uses the term "perpetual" [REDACTED], but Thales offers no basis for [REDACTED]. *See* Resp. at 11. In other words, Thales does not cite any evidence, and there is nothing in the 2023 Term Sheet, indicating that any portion of Meta's [REDACTED]. The only thing that is "perpetual" under the Term Sheet is [REDACTED]. And a "perpetual" license grant is not *per se* a patent misuse; to the contrary, the Federal Circuit regularly enforces licenses described as "perpetual." *See, e.g.*, *VLSI Tech. LLC v. Intel Corp.*, 87 F.4th 1332, 1349–52 (Fed. Cir. 2023); *Molon Motor & Coil Corp. v. Nidec Motor Corp.*, 946 F.3d 1354, 1357–64 (Fed. Cir. 2020); *Jacobs v. Nintendo of Am.*, 370 F.3d 1097, 1098–99 (Fed. Cir. 2004).

**(iii)** Even if the square peg of patent misuse could somehow be shoehorned into the round hole of the 2023 Term Sheet, the 2023 Term Sheet [REDACTED] *See* Ex. B, Dkt. No. 137-5, at 5 [REDACTED]. "California cases take a very

liberal view of severability, enforcing valid parts of an apparently indivisible contract where the interests of justice or the policy of the law would be furthered." *Adair v. Stockton Unified School Dist.*, 162 Cal. App. 4th 1436, 1450 (2008). In this situation, it is straightforward to enforce the valid parts of the contract and excise any *de minimis* unenforceable portion, because all that would be required is acknowledging (as Meta and Gentex already do) that [REDACTED]. The entire performance of the contract would be undisturbed, [REDACTED]

2. <u>*The 2023 Term Sheet Should Not Be Rescinded for Mistake of Fact or Fraud*</u>[6]

Thales argues that the Court should rescind the 2023 Term Sheet because Thales's acceptance "was given by mistake, or obtained through . . . fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or any other party to the contract jointly interested with such party." *See* Resp. at 9 (emphasis omitted). Thales notably does not contend that [REDACTED]. To the contrary, Thales has admitted that [REDACTED] *See* Ex. D. Instead, the basis of the

6 Meta was not involved in all of the communications between Thales and Gentex that form the basis of Thales's allegations of mistake of fact and fraud, and Meta has not had any opportunity to take discovery into those communications. As a result, Meta presently takes no position on the factual issues regarding any alleged mistake of fact or fraud insofar as they depend on communications that Meta was not part of. But Meta agrees that Thales cannot rescind or void the 2023 Term Sheet based on a mistake of law. Additionally, Meta's lack of discovery on the alleged mistake of fact and fraud is an independent reason why it would be prejudicial and improper to address Thales's arguments regarding the 2023 Term Sheet in the present context.

alleged mistake of fact or fraud is that ████ Thales's arguments are both factually and legally baseless.

To begin, it is simply untrue that ████ *See* Resp. at 9. To the contrary, ████.[7] ████

████

████

[7] If the Court requests, Gentex is happy to provide any of the documents discussed in this section for review.

[redacted] Thus, when Thales claims that [redacted] (Resp. at 9), it is inaccurately reporting [redacted].

All of this context, however, is beside the point, because nothing that Thales asserts in its brief amounts to a mistake of fact or fraud that would allow it to take back its signature on the 2023 Term Sheet. Thales had [redacted] prior to signing it on December 21, 2023. *See* Resp. at 2–3, 9–10. Thales's real allegation is that it misunderstood the operation of the 2023 Term Sheet—notwithstanding Thales's representation by sophisticated counsel—as a result of [redacted].[8] *See* Resp. at 3. If anything, that allegation amounts to only a mistake of law, and Thales has no recourse in that situation. *See Hedging Concepts, Inc. v. First Alliance Mortgage Co.*, 41 Cal App. 4th 1410, 1421–22 (Cal. Ct. App. 1996) (explaining that "courts will not set aside contractual obligations, particularly where they are embodied in written contracts, merely because one of the parties claims to have been ignorant of, or to have misunderstood, the provisions of the contract").

Even if the Court did consider this scenario a mistake of fact rather than a mistake of law, however, Thales would still have no recourse in this situation. To rescind a contract for mistake of fact, Thales must show that it "does not bear the risk of the mistake." *Donovan v. RRL Corp.*, 26 Cal. 4th 261, 282 (2001). And "the risk of a mistake must be allocated to a party where the mistake results from that party's neglect of a legal duty." *Id.* at 283; *see* Cal. Civ. Code § 1577 (providing that mistake of fact is not available where there is a "neglect of a legal duty on the part of a person making the mistake"). It is well settled under California law that a contracting party's failure to read and

[8] This argument is in stark contrast to Thales's earlier admission that [redacted]

understand a term in the contract is ñattributable to his own neglect.ò *Casey v. Proctor*, 59 Cal. 2d 97, 104ï 05 (1963); *see also, e.g.*, *Estate of Eskra*, 78 Cal. App. 5th 209, 226ï 30 (2022) (holding that a partyôs ñfailure to read [an] Agreement and consult with [her attorney] means that she *did* bear the risk of her mistakeò); *In re Marriage of Hill & Dittmer*, 202 Cal. App. 4th 1046, 1054ï 55 (2011) (holding that a partyôs ñfailure to take reasonable steps to become aware of the contents of the Agreement, particularly given her business background, her awareness of earlier drafts, and her access to counsel, precludes a finding [] that she entered into the Agreement involuntarilyò); Restatement (2nd) Contracts Ä157, cmt. B (1981) (ñGenerally, one who assents to a writing is presumed to know its contents and cannot escape being bound by its terms merely by contending that he did not read them; his assent is deemed to cover unknown as well as known terms.ò). Thales admits that ████ ████ and, ████ signed the 2023 Term Sheet on December 21. *See* Resp. at 3. Where, as here, a party ████ ████ ████ the party ñbore the risk of her mistake.ò *See Estate of Eskra*, 78 Cal. App. 5th at 229ï 230. Thales thus bore the risk of its mistake of fact (if there is a mistake of fact at all, as opposed to at most a mistake of law), and the law does not permit rescission.

Lastly, Thales briefly contends that it rescinded the term sheet by unilaterally ñwithdrawing its signature from the [2023] Term Sheetò after signing it. *See* Resp. at 4ï 5. It is unclear whether Thales is asking the Court to hold the 2023 Term Sheet rescinded on this basis, but even if it is, Thales does not have the unilateral right to withdraw from the 2023 Term Sheet. *See Cal-Murphy, LLC v. MG Rests., Inc.*, No. A136198, 2014 WL 1695300, at *8 (Cal. Ct. App. Apr. 30, 2014) (unpublished) (ñA party cannot unilaterally withdraw from the terms of its contract by merely . . . claiming in a pleading that the [contract] does not exist.ò); *Douglas v. U.S. District Court for C.D. Cal.*, 495 F.3d 1062, 1066 (9th Cir. 2007) (ñ[A] party canôt unilaterally change the terms of a contract; it must obtain the other partyôs consent before doing so.ò); *see generally* Ex. B, Dkt. No. 137-5 (no provision for withdrawal or unilateral modification in the 2023 Term Sheet).

## IV. CONCLUSION

For the foregoing reasons, the Joint Motion to Dismiss should be granted, and the Court should not address Thalesôs moot and procedurally improper request to rescind and void the 2023 Term Sheet not at issue in this litigation.

Dated: February 7, 2024

/s/ Adam D. Harber
Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
22-3892@cases.warrenkashwarren.com
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
Tel: (415) 895-2940
Fax: (415) 895-2964

David I. Berl (*pro hac vice*)
Adam D. Harber (*pro hac vice*)
Elise M. Baumgarten (*pro hac vice*)
Melissa B. Collins (*pro hac vice*)
D. Shayon Ghosh (State Bar No. 313628)
Arthur John Argall III (pro hac vice)
Andrew G. Borrasso (pro hac vice)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue S.W.
Washington, D.C., 20024
Tel: (202) 434-5000
Fax: (202) 434-5029

*Counsel for Plaintiffs Gentex Corporation and Indigo Technologies, LLC*

Respectfully submitted,

/s/ Ellisen Shelton Turner
Ellisen Shelton Turner (SBN #224842)
Joshua Glucoft (SBN #301249)
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Tel: (310) 552-4200
Fax: (310) 552-5900
ellisen.turner@kirkland.com
josh.glucoft@kirkland.com

Akshay S. Deoras (SBN #301962)
Yan-Xin Li (SBN#332329)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Tel: (415) 439-1400
Fax: (415) 439-1500
akshay.deoras@kirkland.com
yanxin.li@kirkland.com

Jeanne M. Heffernan (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
Tel: (512) 678-9100
Fax: (512) 678-9101
jheffernan@kirkland.com

Yimeng Dou (SBN #285248)
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Tel: (213) 680-8400
Fax: (213) 680-8500
yimeng.dou@kirkland.com

*Counsel for Defendants Meta Platforms, Inc. and Meta Platforms Technologies, LLC*

**SIGNATURE ATTESTATION**

Under Local Rule 5-1(i)(3), I attest that I have obtained concurrence in the filing of this document from the other signatories.

Dated: February 7, 2024

Matthew S. Warren