Meredith Martin Addy (pro hac vice)
**AddyHart P.C.**
10 Glenlake Parkway, Suite 130
Atlanta, Georgia 30328
312.320.4200
meredith@addyhart.com

Paul Tauger
**AddyHart P.C.**
5151 California Street, Suite 100
Irvine, California 92617
949.438.3218
paul@addyhart.com

Robert Hart (pro hac vice)
Brandon C. Helms (pro hac vice)
**AddyHart P.C.**
401 N. Michigan Ave., Suite 1200-1
Chicago, Illinois 60611
949.337.0568
312.731.6568
robert@addyhart.com
bhelms@addyhart.com

*Attorneys for Involuntary Plaintiff Thales Visionix, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENTEX CORPORATION and INDIGO TECHNOLOGIES, LLC, <br><br> Plaintiffs, <br><br> THALES VISIONIX, INC., <br><br> Involuntary Plaintiff, <br><br> v. <br><br> META PLATFORMS, INC. and META PLATFORMS TECHNOLOGIES, LLC, <br><br> Defendants. | Case No. 4:22-cv-03892-YGR <br><br> **INVOLUNTARY PLAINTIFF THALES VISIONIX, INC.'S SUR-REPLY TO THE JOINT MOTION TO DISMISS** <br><br> **FILED UNDER SEAL** <br><br> **Date:** February 27, 2024 <br> **Time:** 2:00 p.m. <br> **Location:** Courtroom 1, 4th Floor <br> **Judge:** Hon. Yvonne Gonzalez Rogers |

# Table of Contents

Table of Authorities ................................................................................................................. iii

    A.    Meta's and Gentex's Position that "Thales has no claims in this matter" is Wrong and Highlights the Impropriety of Enforcing the Term Sheet on Thales ........................................................................................................................ 1

    B.    The Court Needs no Discovery to Rule that Thales Rescinded the Term Sheet .......................................................................................................................... 2

    C.    Gentex and Meta's Cases Fail to Address Whether Inclusion of the Term "Perpetual" Renders the Term Sheet Unlawful ...................................................... 4

Conclusion ............................................................................................................................... 5

**Table of Authorities**

**Cases**

*Callahan v. Paychex N. Am. Inc.*,
　　No. 21-cv-05670, 2022 U.S. Dist. LEXIS 191896
　　(N.D. Cal. Oct. 20, 2022) ................................................................................................5

*Devices v. Pivotal Sys. Corp.*,
　　2023 U.S. Dist. LEXIS 90083 (N.D. Cal. 2023) ...................................................................1

*Facebook, Inc. v. Pac. Nw. Software, Inc.*,
　　640 F.3d 1034 (9th Cir. 2011) ...........................................................................................4

*Miller v. City of Portland*,
　　868 F.3d 846 (9th Cir. 2017) .............................................................................................2

*N. Ill. Gas Co. v. USIC, LLC*,
　　No. 21-13377, 2023 U.S. App. LEXIS 9134
　　(11th Cir. Apr. 18, 2023) ..................................................................................................5

*Peterson v. Highland Music*,
　　140 F.3d 1313 (9th Cir. 1998) ...........................................................................................3

*Runyan v. Pac. Air Indus.*,
　　2 Cal. 3d 304 (1970)) .......................................................................................................3

*Victoria v. Superior Court*,
　　40 Cal. 3d 734 (1985) ......................................................................................................2

TO ALL PARTIES AND COUNSEL OF RECORD:

Involuntary Plaintiff Thales Visionix, Inc. ("**Thales**") files this sur-reply to respond to arguments raised for the first time in the Reply by voluntary plaintiffs Gentex Corporation and Indigo Technologies, LLC (collectively, "**Gentex**") and by defendants Meta Platforms, Inc. and Meta Platforms Technologies, LLC (collectively, "**Meta**") in support of their Joint Motion to Dismiss. Indeed, the Joint Motion to Dismiss itself contained almost no arguments whatsoever, so Thales's only opportunity to address Meta's and Gentex's substantive arguments is through this sur-reply.

As stated in Thales's response, Thales does not oppose dismissal of this action, provided that the Court sets aside a rescinded **Term Sheet** (Exhibit B to the Joint Motion) as non-binding on Thales and/or strikes reference to the Term Sheet in the Settlement Agreement, or in the alternative, dismisses this action without prejudice as to Thales.

A. **Meta's and Gentex's Position that "Thales has no claims in this matter" is Wrong and Highlights the Impropriety of Enforcing the Term Sheet on Thales**

Gentex incorrectly asserts that it "had all the rights relevant to the claims in this case," Dkt. 152 at 3, but if that were so, it would not have needed Thales as an involuntary plaintiff. *See Devices v. Pivotal Sys. Corp.*, 2023 U.S. Dist. LEXIS 90083, *7-8 (N.D. Cal. 2023) (holding that because licensee "does not control all substantial rights under the license agreement, it cannot sue in its own name"). To the contrary, Thales owns the five patents asserted in this case, and Gentex only has limited exclusive rights to certain fields of use.[1] Pursuant to the 2012 License Agreement, Gentex may transfer its limited exclusive rights, which is how Gentex repeatedly assured Thales it was attempting to settle the litigation.

Now, Gentex and Meta talk out of both sides of their mouths. Despite positing that their 2024 Settlement Agreement and release "is not contingent on the 2023 Term Sheet," Dkt. 152 at 3, the Settlement Agreement purports to incorporate a license of Thales's rights by including the rescinded Term Sheet (*see* Dkt. 137-1, sec. II.1, Exh. A to Joint Mot. to Dismiss ("rights that Thales already granted to Meta under the Term Sheet")). Even though Thales, the patentee, is not a party to this Settlement Agreement, according to Gentex and Meta such a license would include ▬▬▬▬▬▬▬▬▬ for

---

[1] Exh. B, 2012 License Agreement (pp. 18-19), attached as Exh. A, Settlement Agreement, Dkt. 137-1.

at least the five Thales patents asserted in this litigation. As long as Gentex and Meta's settlement of this litigation purports to encompass Thales's rights as patentee, Thales has a stake in this matter.

### B. The Court Needs no Discovery to Rule that Thales Rescinded the Term Sheet

An "agreement to agree" is not binding, and an agreement that fails to incorporate all material terms is not binding. (Dkt. 146 at 7-8). Thus, nothing prohibited Thales from withdrawing from the Term Sheet within twenty-four hours, and fact-finding is unnecessary on this point, because all parties agree on the timing of the withdrawal. Rather, all arguments made by Gentex and Meta to whether Thales could rescind are legal questions with no underlying factual disputes.

Gentex and Meta distort the words of the Term Sheet to argue that it was binding upon signature. The very first section of the Term Sheet ▮▮▮▮▮ Rather, ▮▮▮▮▮ ▮▮▮▮▮ (Dkt. 137-2 at 1). An agreement cannot "remain" binding until it becomes binding, and in this case, the condition precedent of ▮▮▮▮▮ were not met, because Thales rescinded a day later. Indeed, ▮▮▮▮▮ language in the Background section, read in context with the ▮▮▮▮▮ section on page 5, indicates ▮▮▮▮▮ ▮▮▮▮▮. It strains credulity for Gentex and Meta to argue that the phrase ▮▮▮▮▮ ▮▮▮▮▮ Again, any ambiguity here should be construed against the drafters, Gentex and Meta. *Miller v. City of Portland*, 868 F.3d 846, 851 (9th Cir. 2017); *Victoria v. Superior Court*, 40 Cal. 3d 734, 740, 747 (1985).

Next, Meta's argument that Thales received valuable consideration is wrong. First, the alleged consideration did not exist at the time Thales withdrew. During the short window between when Thales signed the Term Sheet and the following day when it withdrew, no money changed hands, no documents were filed with this Court or the Patent Trial and Appeal Board ("PTAB"). Meta's decisions to proceed, weeks *after* Thales withdrew, with dismissing the PTAB proceedings and to ▮▮▮▮▮ were calculated risks unilaterally undertaken by Meta. Second, the dismissal of the eight IPRs—none of which Meta was guaranteed to win—is paltry payment for ▮▮▮▮▮ ▮▮▮▮▮ between Thales and Gentex. The Patent Portfolio covers dozens of patents, not just the five

THALES'S SUR-REPLY TO JOINT
MOTION TO DISMISS [SEALED]         2         Case No. 4:22-cv-3892-YGR

1  patents that Gentex asserted in this litigation. The 2012 License also provides ███
2  ████████████████████████████████████████████████████████████████████████████
3  ███████████████████████████████████████████ (2012 License Agreement, sec. 2.2, Exh. B-C;
4  *see* n.1), none of which was carried forward into the rescinded Term Sheet.  Had Thales actually been
5  involved in settlement negotiations, and had Meta actually offered nothing more than to withdraw its eight
6  IPRs in return for a license to the entire Patent Portfolio of several dozen patents, Thales would have
7  rejected the offer without a second thought.²

8        In addition, Gentex and Meta improperly argue that Thales cannot unilaterally withdraw from
9  the Term Sheet after signing.  But their argument ignores the actual language of the Term Sheet and
10 controlling California law.  In the Payment section, the Term Sheet ████████████████████
11 ████████████████████████████████████████████████████████████████████████████
12 ████████████████████████████ (Ex. B to the Joint Mot. at 4) (emphasis added).
13 If the License Grant and other terms of the Term Sheet ██████████████████████
14 ████████████████, then logically the License Grant must be "revocable" before then.  Thales
15 is not trying to claim the Term Sheet "did not exist," nor is Thales trying to "unilaterally change the
16 terms of a contract."  On the contrary, Thales followed the explicit language of the Term Sheet to
17 rescind it before it became irrevocable, and California law specifically allows for the rescission of
18 contracts. *See Peterson v. Highland Music*, 140 F.3d 1313, 1322-23 (9th Cir. 1998) ("Under California
19 law, 'a party to a contract [can] rescind it and … such recission [can] be accomplished by the
20 rescinding party by giving notice of the recission and offering to restore everything of value which
21 [the rescinding party has] received.'") (quoting *Runyan v. Pac. Air Indus.*, 2 Cal. 3d 304, 311 (1970)).
22 When Thales withdrew from the Term Sheet on December 22, there was nothing of value to "restore"
23 to Meta or Gentex and thus nothing that impeded Thales's completion of the rescission.

24       Finally, Gentex and Meta argue that the identities of the recipients of the settlement payment are
25 not "material," relying on *Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1037-38 (9th Cir.

---

²    Thales, a defense contractor, reserved for itself rights in the Patent Portfolio for ████
████████████████████████████████████████. Thales rights Gentex improperly tried to
give away are worth far more to Thales than the ███████ to Gentex.

THALES'S SUR-REPLY TO JOINT
MOTION TO DISMISS [SEALED]           3          Case No. 4:22-cv-3892-YGR

2011). A contract term may be "material" by (1) being a necessary term, without which there can be no contract; or (2) it is an important term that affects the value of the bargain, *Id.* at 1037, both of which apply here. Additionally, in *Facebook*, the "term sheet and settlement agreement," which the parties expressly agreed was "binding," was determined not vague about who was to receive the settlement payment. To the contrary, they specifically provided that the Winklevosses would receive cash as well as a percentage of Facebook's common stock. *Id.* Hence, there were enough terms that the court could "determine whether a breach ha[d] occurred" and it could "order specific performance or award damages." *Id.* at 1038. The Term Sheet, here, by contrast provided ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Thus, the Court would have no guidance from the Term Sheet as to whether a breach had occurred, nor could it order specific performance to Gentex or Thales—particularly in light of the fact that Thales's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and, at least in Thales's eyes, more valuable.

For all of these reasons, Thales properly rescinded the Term Sheet according to California law.

### C. Gentex and Meta's Cases Fail to Address Whether Inclusion of the Term "Perpetual" Renders the Term Sheet Unlawful

In this case, the Term Sheet requirement that the License Grant is "perpetual" must be voided as unlawful. (See Dkt. 146 at 10). Gentex and Meta argue, "The only thing that is 'perpetual' under the Term Sheet is the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮)." Dkt. 152, at 9. Gentex and Meta's point is irrelevant because the expiration dates for the entire Patent Portfolio <u>are known</u> since the portfolio was filed after the GATT implementation date of June 8, 1995. 35 U.S.C. §154(a)(2) (20 years from the filing date of the earliest related application). Thus, there must be some other reason "perpetual" was included.

Gentex and Meta also argue that the severability clause of the Term Sheet could be used to excise the word "perpetual" and thus preserve the lawfulness of the agreement.[3] But the word "perpetual" is a

---

[3] It seems that when it suits them, Gentex and Meta are more than willing to "unilaterally modify" the Term Sheet.

| THALES'S SUR-REPLY TO JOINT MOTION TO DISMISS [SEALED] | 4 | Case No. 4:22-cv-3892-YGR |

single, individual word in the License Grant provision, (see Ex. B to the Joint Mot. at 3)—not a standalone provision of the Term Sheet that can be set aside. *See Callahan v. Paychex N. Am. Inc.*, No. 21-cv-05670, 2022 U.S. Dist. LEXIS 191896, at *9-10 (N.D. Cal. Oct. 20, 2022) ("Plaintiffs correctly observe that the severability clause does not explicitly permit severing only a 'portion' of a provision"); *see also N. Ill. Gas Co. v. USIC, LLC*, No. 21-13377, 2023 U.S. App. LEXIS 9134, at *35-36 (11th Cir. Apr. 18, 2023) (permitting severance of a portion of a provision because the agreement "expressly contemplate[d] that any 'particular invalid or unenforceable provision *or portion thereof*,' will be severed"). To strike out the offending language, the Court would need to excise the entire License Grant—a result that Meta presumably does not want, but one that Thales would be willing to accept.

Gentex and Meta allege a "perpetual" license grant is not per se patent misuse. Thales agrees and set forth four exceptions (Dkt. 145, Resp. Br. at 11, n.7), none of which applies to this Term Sheet. Additionally, none of Gentex and Meta's cases analyze "perpetual," much less in the context of the four exceptions. A court's quoting the license grant provision that includes the term "perpetual," without analysis, cannot be equated to the court raising and determining patent misuse on its own when that was not at issue.

**Conclusion**

(1)   The court may rule as a matter law that the rescinded Term Sheet is not binding on Thales and/or strike reference to it in the Settlement Agreement and thus dismiss the case; or

(2)   Thales is not opposed to discovery, if the court believes it is warranted, to resolve what Gentex and Meta describe as factual issues relating to no meeting of the minds; or

(3)   In the alternative, any dismissal as to Involuntary Plaintiff Thales Visionix, Inc. should be <u>without prejudice</u>.

Dated: February 14, 2024

Respectfully submitted,

/s/ *Paul Tauger*

Paul Tauger
**ADDYHART P.C.**
5151 California Street, Suite 100
Irvine, California 92617
949.438.3218

THALES'S SUR-REPLY TO JOINT MOTION TO DISMISS [SEALED] — 5 — Case No. 4:22-cv-3892-YGR

paul@addyhart.com

Meredith Martin Addy (pro hac vice)
**ADDYHART P.C.**
10 Glenlake Parkway, Suite 130
Atlanta, Georgia 30328
312.320.4200
meredith@addyhart.com

Robert Hart (pro hac vice)
Brandon C. Helms (pro hac vice)
**ADDYHART P.C.**
401 N. Michigan Ave., Suite 1200-1
Chicago, Illinois 60611
949.337.0568
312.731.6568
robert@addyhart.com
bhelms@addyhart.com

*Counsel for Involuntary Plaintiff Thales Visionix, Inc*.

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated: February 14, 2024        /s/ *Paul Tauger*
                                      Paul Tauger