UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**GENTEX CORPORATION**, *et al.,*

Plaintiffs,

**THALES VISIONIX, INC**.

Involuntary Plaintiff,

v.

**META PLATFORMS, INC.**, *et al.*,

Defendants.

Case No. 4:22-cv-03892-YGR

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 139

Pending before the Court is a joint motion to dismiss filed by plaintiffs Gentex Corporation and Indigo Technologies, LLC, as well as defendants Meta Platforms, Inc. and Meta Platforms Technologies, LLC (collectively, "Meta"). The motion arises out of a settlement reached between plaintiffs and defendants in the above-captioned litigation. It is opposed by involuntary plaintiff Thales Visionix, Inc. ("Thales").[1] Having carefully considered the briefs and supporting materials, and for the reasons below, the Court **GRANTS** the motion **WITH PREJUDICE**.[2]

\*       \*       \*

The Court begins by summarizing the relevant background:

In December 2023, plaintiffs Gentex and Indigo Technologies and the defendants entered into a settlement agreement to resolve this case. The agreement includes, among other things: a full release; covenant not to sue on the patents-in-suit; limits on the scope; and agreement to

---

[1] For clarity, the Court notes that this order refers to Gentex and Indigo Technologies as "plaintiffs" and Thales as "involuntary plaintiff." Thus, references to "plaintiffs and defendants" *include* Gentex and Indigo Technologies but *exclude* Thales.

[2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **February 27, 2024**.

dismiss the instant case with prejudice. Each of the four provisions is further identified below.

First, the full release is found at Section II.2 of the agreement. In relevant part, it reads:

> ***Gentex Licensors*** on behalf of themselves, and their Affiliates, successors and assigns, ***release Licensees***, their Affiliates, and their respective vendors, suppliers, manufactures, developers (including Third Party application and game developers), distributors, contractors, partners, hosts, customers and end-users ***from any and all claims***, demands, obligations, liabilities, damages, costs, fees, expenses, actions, causes of action, or suits at law or in equity, of whatever kind or nature, known or unknown, arising on or before the Term Sheet Effective Date, ***that are related to (i) the infringement of any of the Licensed Patents***; or (ii) the making, having made, using, having used, purchasing, selling, having sold, offering for sale, leasing, exporting, importing or otherwise disposing of any Licensed Product, ***including without limitation any claims that were or could have been brought in the Pending Litigation or relating to any of the Licensed Patents*** [].

(*See* Dkt. No. 139-1, Joint Motion to Dismiss, Ex. A (the "Settlement Agreement" or "Agreement") § II.2 (emphasis supplied).)[3]  Second, the covenant not to sue is found at Section II.1 of the agreement. In relevant part, it reads:

> ***Gentex Licensors further covenant***, on behalf of themselves, and their Affiliates, successors, and assigns, ***not to sue or otherwise pursue claims of direct or indirect infringement of the Licensed Patents against Licensees***, their Affiliates, or their respective vendors, suppliers, manufactures, developers (including Third Party application and game developers), distributors, contractors, partners, hosts, customers or end-users ***based on their use of, or contribution to, any Licensed Product*** [].

(*See id.* at § II.1 (emphasis supplied).)  Third, and importantly, the Settlement Agreement indicates that it does not address the "granting, or purporting to grant . . . any rights belonging to Thales or its Affiliates or rights that Thales already granted to Meta under the Term Sheet." (*Id.* at § II.1.)

Finally, at Section II.4, plaintiffs and defendants agree to dismiss this case. (*See id.* at § II.4 (stating that parties to the Agreement shall cause this litigation to be dismissed).)

---

[3] Gentex, Indigo Technologies, and Thales seek to seal various documents and filings pertaining to the pending motion on the grounds that they contain sensitive business information, including relative to patent licensing. *See* Dkt. Nos. 137, 138, 145, 152, 153, 157, & 159. The Court exercises its discretion to GRANT such administrative motions only for the purposes of ruling on the instant motion and except to the extent referenced herein. *See CertainTeed Gypsum, Inc. v. Pacific Coast Building Products, Inc.*, 2021 WL 6621061, at *2 (N.D. Cal. Dec. 13, 2021) ("[T]he Court has broad discretion to seal judicial documents that could be 'sources of business information that might harm a litigant's competitive standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Involuntary plaintiff Thales *is not* a party to the above-referenced Settlement Agreement but *is* party, alongside plaintiffs and defendants, to an earlier term sheet. (*See* Dkt. No. 139-2, Joint Motion to Dismiss, Ex. B ("Term Sheet") at 1.) It included "the principle terms of a mutual release and settlement agreement between" plaintiffs, defendants, and Thales "to fully resolve" this case. (*Id.*)

Now, Thales apparently challenges that Term Sheet. Despite having executed the Term Sheet, and the Settlement Agreement having been signed, Thales refuses to add its signature to a Rule 41(a)(1)(ii) stipulation to dismissal. It also purports to have voided and rescinded the Term Sheet. Given this, plaintiffs and defendants filed the pending joint motion in order to achieve their aim of dismissing this case.

Plaintiffs and defendants argue that Thales has no legitimate grounds to oppose dismissal and that the Court should not opine on the validity of the Term Sheet. They make two main arguments. First, Gentex, *not Thales*, asserted the claims at issue. Thales' participation in this litigation results not from their assertion of any claims against Meta but instead from the general rule of prudential standing that an exclusive licensee to a patent must join the patent owner to any infringement claim. *See Intell. Prop. Dev., Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d 1333, 1347–48 (Fed. Cir. 2001). The claims here at issue relate exclusively to Meta's alleged infringement of the exclusionary patent rights held by Gentex, not Thales. (Dkt. No. 1, Complaint ¶¶ 62, 77, 95, 112, 129, 147.) Thales has alleged no claim against defendants and seeks no relief (monetary or otherwise) from defendants.[4] Second, plaintiffs and defendants contend that, because they have settled all the claims in this action, there are no live claims or controversies over which this Court has subject-matter jurisdiction.

Thales responds by admitting that it "has no desire to maintain this litigation, especially when the actual litigants, Gentex and Meta, want to terminate." (Dkt. No. 146, Thales' Opp'n to

---

[4] Plaintiffs and defendants assert that Thales has said as much in their own words. They cite to interrogatory response in which the company wrote, "Thales responds that it makes no contentions in this litigation as to any claims for injunctive relief or damages against Defendants." *See, e.g.*, Dkt. No. 139-3, Joint Motion to Dismiss, Ex. C at 20.

United States District Court
Northern District of California

the Joint Motion to Dismiss at 6:15-16.) However, Thales asserts: (i) the Term Sheet was not binding when executed and was subsequently and properly rescinded; or (ii) in the alternative, the Term Sheet is void for mistake and illegality. Thales seeks an order "holding that the Term Sheet is not binding on [them] and is void."[5] (*Id.* at 1:15-16.)

On reply, plaintiffs and defendants respond to Thales' arguments with two main points. First, they assert that adjudication of the Term Sheet's validity is a side issue with no impact on the pending motion. Second, plaintiffs and defendants explain that they do not rely upon the Term Sheet "for any purpose" relative to the Settlement Agreement.[6] (Dkt. No. 154, Joint Reply in Support of the Joint Motion to Dismiss ("Joint Reply") at 1:21-22.)

In short, the Court agrees with plaintiffs and defendants. The only claim in this case concerns plaintiffs' exclusionary rights to the asserted patents within their exclusive licensed field of use, which they were granted an unrestricted right to sublicense by Thales. (Settlement Agreement, Ex. A, License Agreement at § 2.2.) Plaintiffs exercised those rights by executing the Settlement Agreement and in so doing "extinguished any current or future case or controversy between the parties, and divested the district court of subject matter jurisdiction." *Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010). Since "[s]ubject matter jurisdiction is a threshold requirement for a court's power to exercise jurisdiction over a case," its absence necessitates dismissal. *Id.* Accordingly, the Court finds that the Settlement Agreement resolves this case in its entirety. Since the Court has no subject matter jurisdiction over this matter, dismissal with prejudice is required.

---

[5] Thales also seeks leave to file a sur-reply to the Joint Motion. *See* Dkt. No. 158, Involuntary Plaintiff Thales' Motion for Leave to File a Sur-Reply; *see also* Dkt. No. 157-3, Involuntary Plaintiff Thales' Sur-Reply ("Sur-Reply"). The Court exercises its discretion to GRANT the request. *See S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1314 (9th Cir. 1982) ("[A]cceptance or rejection of argumentative briefs, memoranda, and other supplementary material is within the sound discretion of the court.") (citation omitted). However, the arguments raised therein also fail to persuade that dismissal is not warranted, as set forth *infra*.

[6] Plaintiffs and defendants also contend that, even were the Court to reach the merits of Thales' arguments concerning the validity of the Term Sheet, "Thales misstates and omits critical facts regarding the [] Term Sheet's formation." Joint Reply at 1:27-28.

United States District Court
Northern District of California

United States District Court
Northern District of California

The counterarguments of involuntary plaintiff Thales fail to compel a different result.  It contends the Term Sheet is incorporated by reference into the Settlement Agreement and appears to suggest that this Court should therefore construe the Term Sheet in connection with ruling on the instant motion.

The Court disagrees. As set forth below, the Agreement explicitly supersedes the Term Sheet insofar as the Term Sheet addressed any rights or obligations between Gentex, Indigo Technologies, and Meta.  Thus:

> Each Party acknowledges that, except for any terms, rights or obligations between any of the Parties on the one hand, and Thales on the other, that are included in the Term Sheet [], ***this Agreement supersedes and replaces the terms, rights, and obligations of the Term Sheet as between the Parties hereto***, and expresses the entire understanding and agreement between the Parties regarding the subject matter hereof . . . .

(Settlement Agreement at § IV.5 (emphasis supplied).)  Thus, at least as to the rights and obligations between plaintiffs and defendants, it is inaccurate to say the Agreement relies on the Term Sheet with respect to their decision to settle this case. The Agreement also contains a severability clause, such that *even if* Thales was correct about the validity of the Term Sheet and its impact on the Agreement's license of *its* rights, the Agreement would, at minimum, still act as a valid sublicense as to plaintiffs' exclusive rights in the patent.

The Court also addresses Thales' assertion that the Settlement Agreement grants Meta a license to certain of Thales' rights to the patents without its consent. (*See* Sur-Reply at 1-2). However, for the reasons stated above, these allegations, even if true, are immaterial to this order. If Thales believes it has a case against Gentex (or others) regarding certain patent rights, it is in same position as *any other potential plaintiff.*   Instead, Thales attempts to use this action as a backdoor for a separate action regarding enforceability of the Term Sheet, and effectively asks the Court to grant it summary judgment on that unpled claim.  The Court will not and cannot do so. *See Navajo Nation v. U.S. Forest Serv.,* 535 F.3d 1058, 1080 (9th Cir. 2008) ("[O]ur precedents make clear that where, as here, the complaint does not include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is insufficient to present the claim to the district court."); *Rinehart v. Nat'l Oilwell Varco L.P.*, 2016 WL 7241714, at *3 (E.D. La.

Dec. 15, 2016) (refusing to grant relief on unpled claim as lacking subject matter jurisdiction).

Thus, the Court finds it is divested of subject matter jurisdiction over the above-captioned matter in light of the Settlement Agreement and is not otherwise persuaded by Thales' objections. Accordingly, the Court **GRANTS** the pending motion **WITH PREJUDICE**.

Further, in light of the dismissal, the Court **ORDERS** that the previously-entered stay is **VACATED**. (*See* Dkt. No. 134.) Relatedly, parties are **RELIEVED** of their obligation to file a joint notice regarding the Patent Trial and Appeal Board's final written decision in the relevant *inter partes* review proceedings. (*See* Dkt. No. 136.)

This terminates Dkt. Nos. 134, 136-39, 145, 152-53, 157-59.

**IT IS SO ORDERED.**

Dated: February 23, 2024

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California